EL PUEBLO *v.* CAMPOS.

</div>

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda.

<div align="center">

No. 393.—Resuelto en diciembre 20, 1911.

</div>

DERECHO PENAL—INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS—MULTA ADMINISTRATIVA—FACULTADES DEL TESORERO.—De acuerdo con la sección 23 de la ley de marzo 9, 1905, el Tesorero tiene la facultad alternativa de imponer una multa administrativa a los infractores de las Leyes de Rentas Internas o denunciarlos criminalmente, y si opta por el primer procedimiento debe notificar al infractor la imposición de dicha multa y darle un tiempo razonable, que en algunos casos puede ser de horas solamente, para que pague o deje de pagar dicha multa, y únicamente en el caso de que dejare de pagar es que puede denunciarlo criminalmente.

ID.—SENTENCIA INSUFICIENTE—OMISIÓN DEL DELITO POR EL CUAL SE CONDENA.—Una sentencia en causa criminal es suficiente si el delito por el cual el acusado ha sido realmente declarado culpable resulta de un examen de la misma sentencia o de alguna otra parte del récord, pero en el caso de autos la sentencia es insuficiente por declarar culpable al acusado de un delito contra las Leyes de Rentas Internas sin especificarlo.

ID.—REQUISITOS DE UNA DENUNCIA—DENUNCIA INSUFICIENTE.—Es insuficiente una denuncia en la cual se imputa una infracción de las Leyes de Rentas Internas por tener en un establecimiento y ofrecer en venta al público ron, cerveza, y vino, sin la correspondiente licencia, cuando no se expresa en la denuncia que efectivamente se realizó alguna venta, ni qué clase de licencia debía tener el denunciado, como comerciante al por mayor o al detall.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Adrián Agosto.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La sentencia contra la cual se interpuso esta apelación, fechada agosto 17, 1911, declara que la ley y los hechos están en contra del acusado y lo encuentra culpable del delito de infracción de rentas internas y le impone $1.00 de multa o

treinta días de cárcel y las costas.   La sentencia nada expresa
acerca de qué determinada parte de la ley de rentas ha sido
infringida y de la cual es culpable el acusado, ni hace tam-
poco referencia alguna a la denuncia en la que es de presu-
mirse se funda este proceso.   La denuncia en sí imputa al
acusado la comisión de una infracción de la ley de rentas,
por tener en su establecimiento y ofrecer en venta al público,
ron, cerveza y vino, sin estar provisto de la correspondiente
patente, infringiendo de este modo la sección 88 de dicha ley.
No aparece de la denuncia si el acusado era un comerciante
al por mayor o al detalle, ni específica que hubiera en reali-
dad vendido el acusado ninguno de los artículos de la clase
que se dice ofrecía en venta.   Durante el juicio apareció que
el Tesorero de Puerto Rico, actuando de conformidad con la
facultad que le concede la ley de marzo 9, 1905, leyes de 1905,
página 269, impuso en marzo 30, 1911, una multa adminis-
trativa al acusado de $6.50, de la que no tuvo conocimiento
o fué notificado dicho acusado hasta después de la presenta-
ción de la denuncia contra él en 6 de abril de 1911.   Acababa
precisamente de comprar el acusado a otra persona que tenía
licencia.   La referida sección 23, es como sigue:

"Sección 23.—El Tesorero de Puerto Rico dictará los reglamentos
que fueren necesarios para dar cumplimiento a las disposiciones de la
presente y que no se opusieren a la misma, pudiendo imponer y cobrar
mediante procedimientos administrativos a toda persona que dejare
de observar cualquiera de dichos reglamentos, o infringiere cualquiera
de las disposiciones de esta ley, una multa que no exceda de diez dollars
($10) por cada infracción, o podrá a su arbitrio, denunciar a dicha
persona ante el correspondiente tribunal por faltar a los reglamentos, o
cometer una infracción de ley.   Toda persona que así fuere denun-
ciada ante el tribunal por infracciones de esta ley, una vez convicta,
será castigada con multa o prisión, o ambas penas, según lo específica-
mente dispuesto en la misma.   Cuando el tesorero hubiere impuesto
una multa de acuerdo con lo arriba prescrito, y no se efectuase el
pago de la misma, podrá incoar procedimientos en el tribunal corres-
pondiente por infracción de los reglamentos o disposiciones de esta
ley, en castigo de la cual fuere impuesta la multa, y convicto que

fuere el reo de dicha infracción, será éste castigado con multa o prisión, o ambas penas, conforme a lo dispuesto en esta ley, como si no se hubiere impuesto ninguna multa y se hubiere desde un principio incoado procedimientos ante el correspondiente tribunal.''

Con arreglo a esta sección se confía al Tesorero la responsabilidad de imponer una multa administrativa o a su discreción, denunciar a la persona ante el correspondiente tribunal. Tiene la alternativa. Si elige el recurso administrativo y el acusado no paga, puede el Tesorero sin embargo proceder como si dicha multa administrativa nunca se hubiera impuesto.

En el presente caso él optó por el recurso administrativo. Cuando así lo hace es razonable que el acusado debe tener una oportunidad conveniente para pagar la multa. Creemos que al usar el estatuto las palabras ''y no se efectuase el pago,'' necesariamente envuelve algún elemento de conocimiento o aviso por parte del acusado con respecto a la imposición de la multa. La razonable oportunidad es en algunos casos algunas horas, pero cuando un acusado no tiene conocimiento de esta multa, él no tiene oportunidad de satisfacerla.

Habiendo optado el Tesorero por la imposición de una multa administrativa, el Fiscal solo tenía que mostrar que la multa no había sido satisfecha, cuya falta únicamente podía resultar si existió primeramente una oportunidad para satisfacerla. Después de una multa administrativa, el derecho a seguir una causa a una persona es consecuencia de la falta de pago, o expresado en sentido recíproco, la falta de pago es una condición precedente al derecho a perseguir criminalmente.

Se sugirió en la vista que cuando el Tesorero impuso la multa por la vía administrativa, pudo haber cambiado de parecer y resolver perseguir criminalmente en primera instancia. No encontramos tal facultad en la ley; pero en el caso presente la evidencia mostraba el hecho de que se estableció el procedimiento debido a la falta de pago de la multa, habiendo declarado el agente de rentas que formuló la

denuncia con respecto a la costumbre de notificar al delincuente y exigir el pago de la multa. Además, esta denuncia no fué formulada por el Tesorero sino por un agente de rentas. Por tanto, no puede decirse que el Tesorero cambiara de parecer no apareciendo indicación o presunción alguna de que él dirigiera este procedimiento.

No encontramos que la sentencia fuera suficiente. Una sentencia en causa criminal es suficiente si el delito por el cual el acusado ha sido realmente declarado culpable, resulta de un examen de la propia sentencia o de alguna otra parte del récord. (*Pointer* v. *United States,* 151 U. S., 396-417; *White* v. *United States,* 164 U. S., 102.) La sentencia puede también identificarse por una referencia al veredicto o a alguna otra orden de la corte dictada con posterioridad a la declaración de culpabilidad. Sin embargo, la sentencia debe mostrar por referencia o de algún otro modo la naturaleza del delito., (12 Cyc., 786; *People* v. *Douglas,* 87 Cal., 281.) En este caso la sentencia no hace ninguna referencia a alguna cuestión anterior y declara culpable al acusado de un delito contra las leyes de rentas, sin especificar cuál es el delito.

Aunque generalmente hemos resuelto que una denuncia no necesita reunir todos los requisitos de una acusación, sin embargo, creemos que debe contener elementos suficientes que aperciban al acusado de la naturaleza del cargo que se le imputa. (*People* v. *Torrellas,* 10 Porto Rico Reports, 519.) Esta denuncia no imputa al acusado el hecho de haber efectivamente vendido sin licencia, ni muestra qué clase de licencia debía tener, si como comerciante al por mayor o al detalle. Creemos que la denuncia era insuficiente.

Por estas razones debe revocarse la sentencia.

*Revocada.*

Jueces concurrentes: Sres Presidente Hernández, y Asociados MacLeary, del Toro y Aldrey.