### HAZELTON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 5, 1923.)

No. 4056.

1. Criminal law ⟝373—Record of prior judgment and plea of guilty of maintaining place for sale of liquor admissible in prosecution for similar offense.

In a prosecution for maintaining a public place where intoxicating liquor was sold, kept, and bartered, a record of a prior judgment and a plea of guilty of having on a certain date kept a place where intoxicating liquor was sold would have been admissible, on the ground that such an offense was connected with the charge as part of a continuing offense.

2. Criminal law ⟝369(6)—Testimony that defendant had pleaded guilty to charge of disorderly conduct not admissible, in prosecution for maintaining place for sale of intoxicating liquor.

In a prosecution for maintaining a public place where intoxicating liquor was sold, kept, and bartered, testimony of the chief of police, who had searched defendant's hotel, had found intoxicating liquor and had arrested defendant, that he had charged the defendant with disorderly conduct, and that she had pleaded guilty, *held* inadmissible.

In Error to the District Court of the United States for the Central Division of the District of Idaho; Frank S. Dietrich, Judge.

Ruth Hazelton was convicted of maintaining a public place where intoxicating liquor, commonly known as "moonshine" whisky, was sold, kept, and bartered, and she brings error. Reversed and remanded, with directions to grant a new trial.

⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Cannon & McKevitt, of Spokane, Wash., and Miles S. Johnson and T. B. West, both of Lewiston, Idaho, for plaintiff in error.

E. G. Davis, U. S. Atty., and John H. McEvers, Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error was convicted under an information which in the third count charged that between June 1 and December 1, 1922, she maintained a public place where intoxicating liquor, commonly known as "moonshine" whisky, was sold, kept, and bartered. She was acquitted under other counts, which charged possession and sale, respectively. To review the conviction she brought writ of error.

In support of the charge of maintaining a nuisance, the chief of police at Lewiston testified that about June 21st he searched the hotel kept by defendant, and found intoxicating liquor, arrested defendant, and took her to the police station. A police court record, containing a charge against defendant, was offered in evidence, and upon objection by defendant the record was excluded. The court, after an examination of the offered record, remarked that the charge appearing in the record was not of "having liquor." Thereupon, after the witness testified that the practice of the police was to make an oral charge in the police court, counsel for the prosecution asked the witness if, after the arrest of the defendant, he had made such an oral charge. Defendant objected, on the ground, already ruled upon by the court, that the charge against defendant made in the police court was different from that for which she was being tried. The court then stated that counsel for the prosecution was trying to get an explanation of the charge, and, over the objection and exception by defendant, permitted the witness to testify. Witness answered that he had charged the defendant with disorderly conduct, that she had pleaded guilty, and had paid a fine of $200.

[1, 2] Doubtless a record of a prior judgment, and a plea of guilty of having kept in June, 1922, a place where intoxicating liquor was sold, would have been admissible against defendant, upon the ground that such an offense was connected with the charge under investigation, as part of a continuing offense; but it was very prejudicial to allow the prosecution, as part of its case in chief, to introduce evidence of a plea of guilty of an apparently collateral offense. The evidence was not admissible as affording a legal inference of guilt of the crime for which defendant was being tried, and clearly its effect must have been to impress the minds of the jurors with the belief that the defendant was a woman of bad tendencies and unworthy.

For the reason, therefore, that reception of the evidence conflicted with the firmly rooted rule that the prosecution may not initially assail defendant's character, the judgment must be reversed, and the cause remanded, with directions to grant a new trial. So ordered.