PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ YERA, Defendant and Appellant.

No. 2716.   Argued April 14, 1926.—Decided July 13, 1926.

*C. Domínguez Rubio* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was charged with the illegal possession of liquor for the purpose of sale. The complaint also charged a previous conviction for the same offense.

The district court on appeal from the municipal court after a trial *de novo* found defendant to be guilty of a violation of the National Prohibition Act and imposed a fine of $200 with an alternative provision for imprisonment not to exceed ninety days.

The assignment is that—

"The court erred in overruling defendant's motion for a nonsuit.

"The court erred in finding the defendant guilty and in deeming the evidence sufficient to prove the two grounds of the complaint, to wit:

"(a) That the defendant had liquor in his possession for sale.

"(b) That the defendant had been previously convicted of the same offense as a justification of punishment for a second conviction."

The police found a bottle of rum in a barrel in a back room of a *cafetín* belonging to defendant. There were also empty bottles which smelled of rum.

One of the policemen says that there were glasses.

The defendant stated to the police that the rum was intended for his personal use. He did not live in the *tienda,* nor was it annexed to his dwelling.

The fact of possession was not disputed and the surrounding circumstances were sufficient to establish a *prima facie* case of possession for the purpose of sale.

The explanation offered by defendant at the time of the visitation might have been regarded as satisfactory enough if accepted as true by the court, but the trial judge was not obliged to believe the statement made to the police and there is nothing in the record to indicate that he did believe it.

The only evidence of a previous conviction for the same offense was the testimony of the secretary of the municipal court to the effect that the record of the municipal court showed a judgment imposing a fine of five dollars or in the alternative imprisonment for thirty days for a "violation of the National Prohibition Act."

We quite agree with appellant that the judgment referred to, without more, does not establish a previous conviction for the same offense. *People* v. *Campos,* 17 P.R.R. 1144, 1147; *Massey* v. *U. S.,* 281 Fed. 293; *Hazelton* v. *U. S.,* 293 Fed. 384; *Schooley* v. *U. S.,* 4 Fed. (2nd) 767.

The judgment appealed from will be modified in accordance with the uniform practice of this court, as indicated in *People* v. *Bermúdez, ante,* p. 546, and cases cited, reducing the fine to $50, and, as modified, affirmed.