El Pueblo de Puerto Rico, demandante y apelado, *v.* José Yera, acusado y apelante.

No. 2716.—*Visto:* Abril 14, 1926.  *Resuelto:* Julio 13, 1926.

1. Bebidas Embriagantes *(Intoxicating Liquors)*—Procesos Criminales—De la Evidencia—Suficiencia de la Misma—Posesión de Licor para la Venta.—Atendidas las circunstancias que rodean el caso de autos *se resolvió* eran suficiente para establecer un caso *prima facie* de posesión de licor para la venta.

2. Derecho Penal—''Former Jeopardy''—Necesidad de que los Delitos Sean Idénticos—Determinados Delitos en Particular—Delitos Relacionados con la Ley de la Prohibición Nacional.—Acusada una persona de poseer licor para la venta, una declaración al efecto de que en un registro criminal aparece una sentencia imponiendo al acusado una multa y en su defecto cárcel por una ''infracción a la Ley Nacional de Prohibición'' no establece una condena anterior por el mismo delito.

Sentencia de *R. López Antongiorgi,* J. (Guayama), condenando al acusado por delito de infracción a la Ley de Prohibición Nacional.  *Modificada y confirmada.*

C. *Domínguez Rubio,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Se acusa al apelante de poseer ilegalmente licores para la venta.  En la denuncia también se alega una condena anterior por el mismo delito.

La corte de distrito al ver el caso en apelación de la

corte municipal, después de un juicio *de novo,* declaró al acusado culpable de una infracción de la Ley Nacional de Prohibición y le impuso $200 de multa o en su defecto a sufrir una pena máxima de noventa días de cárcel.

En el señalamiento de errores el apelante alega que:

"La Corte erró al declarar sin lugar la moción de nonsuit presentada por el acusado.

"La Corte erró al declarar convicto al acusado considerando suficiente la prueba para justificar las dos premisas básicas de la denuncia, a saber:

"(a) Que el acusado tenía licor en su posesión para la venta.

"(b) Que el acusado había sido declarado culpable de un delito exactamente igual al que ahora se le imputaba para justificar la condena en reincidencia."

[1] La policía halló una botella de ron en un barril que estaba en una habitación que queda detrás de un cafetín perteneciente al acusado. También había botellas vacías, que olían a ron.

Uno de los policías dice que allí había vasos.

El acusado manifestó a la policía que él tenía aquel ron para su uso personal. El no vivía en la tienda, ni tampoco ésta estaba contigua a su casa.

No se disputó el hecho de la posesión y las circunstancias que rodeaban el caso eran suficientes para establecer un caso *prima facie* de posesión de licor para la venta.

La explicación que dió el acusado al tiempo que los policías le visitaron pudo haberse considerado como suficiente si la corte hubiese creído que era cierta, pero el juez sentenciador no estaba obligado a creer la manifestación hecha a la policía y no hay nada en los autos que indique que la corte inferior la creyera.

[2] La única prueba de una condena anterior por el mismo delito fué la declaración del secretario de la corte municipal al efecto de que en el registro criminal de la corte municipal aparecía una sentencia imponiendo una multa de cinco dollars o en su defecto a sufrir treinta días de

cárcel por una "infracción a la Ley Nacional de Prohibición."

Convenimos con el apelante que la sentencia mencionada sin otros detalles, no establece una condena anterior por el mismo delito. *El Pueblo* v. *Campos*, 17 D.P.R. 1190–1193; *Massey* v. *U. S.* 281 Fed. 293; *Hazelton* v. *U. S.* 293 Fed. 384; *Schooley* v. *U. S.*, 4 Fed. (2nd) 767.

La sentencia apelada debe ser modificada de acuerdo con la práctica uniforme de esta corte según ha sido indicada en el caso de *El Pueblo* v. *Bermúdez, ante,* (pág. 596) y casos citados, rebajando la multa a cincuenta dollars, y, después de modificada debe ser confirmada.