EL PUEBLO *v.* BARQUET ET AL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 361.—Resuelto en octubre 24, 1911.

DERECHO PENAL—INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS—VENTA DE ARMAS O MUNICIONES SIN LICENCIA.—Desde el 1°. de julio de 1905 en que, empezó a regir la ley de marzo 9, 1905, enmendando el capítulo 2, título 9 del Código Político, el vender armas o municiones por sí o por sus empleados sin proveerse de la patente exigida por la ley, es un delito público penado en dicha ley.

ID.—DELITOS COMETIDOS POR SOCIEDADES MERCANTILES—DENUNCIA CONTRA PERSONAS NATURALES.—Formulada una denuncia contra dos personas naturales por infracción de las Leyes de Rentas Internas y continuado el proceso contra dichas personas, es errónea la sentencia que condena a una sociedad mercantil de la cual se dice que forman parte dichas personas naturales, sin que se haya justificado en autos que los acusados constituyen la sociedad mercantil condenada ni que sean los únicos socios gestores de ella.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Felipe Casalduc.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la Corte Municipal de Ponce se presentó la siguiente acusación:

"Corte Municipal de Ponce. Estados Unidos de América, ss: El Presidente de los Estados Unidos. *El Pueblo de Puerto Rico* v. *Narciso Barquet, Juan Barquet.* Yo, Manuel de la Cruz, vecino de Ponce, calle de Méndez Vigo, No. 35, de 22 años, formulo denuncia contra Narciso Barquet y Juan Barquet por delito contra las Leyes de Rentas Internas, secciones 87 y 100 cometido de la manera siguiente:

Que en ·21 de septiembre de 1910 y en la calle de Atocha de Ponce, del Distrito Judicial Municipal de Ponce, los indicados Narciso Barquet y Juan Barquet como a las diez y media de la mañana, ilegal y fraudulentamente, vendieron de su establecimiento comercial, situado en la calle antes mencionada, por medio de uno de sus dependientes, llamado Juan Burgos, ·tres cápsulas de revólver de 12 ms. al individuo Ernesto Marcano, sin que para ello tuviesen la licencia prescrita por la Ley de Rentas Internas; siendo todo ello contrario a la ley para tales casos hecha y prevista, y a la paz y dignidad de El Pueblo de Puerto Rico: siendo testigos J. W. Ridout, Ernesto Marcano y Juan Burgos, vecinos de Ponce.  Manuel de la Cruz, Denunciante.  Jurada ante mí hoy 24 de septiembre de 1910.  J. A. López Acosta, Juez de la Corte Municipal de Ponce.''

Celebrado el juicio y dictada sentencia condenatoria, fué apelada para ante la Corte de Distrito de Ponce en la que el juicio fué celebrado de nuevo, recayendo la siguiente sentencia:

''En Ponce, P. R., a 20 de febrero de 1911.  Vista esta causa el día 4 del mes en curso, la corte es de opinión que la ley y los hechos están en contra de la Mercantil Barquet Hermanos, compuesta de Juan Barquet y Narciso Barquet, y en consecuencia la declara convicta del delito de infracción a la Ley de Rentas Internas; y por tanto la condena a la pena de cien dollars de multa, mas las costas de esta causa.''

Interpuesta apelación contra ella pende ahora de nuestra resolución, después de celebrarse la vista, a la que sólo concurrió el Hon. Fiscal de esta Corte Suprema; pero la apelante presentó un alegato de errores y en el récord de la apelación consta la excepción que se presentó ante la corte de distrito contra la acusación.

Esta excepción alega, al amparo del número 3°. del artículo 153 del Código de Enjuiciamiento Criminal, que el hecho imputado en la denuncia no es constitutivo de delito público, porque la infracción que se dice cometida no está penada en ninguna ley de Puerto Rico.

Como se ve por la lectura de la denuncia transcrita, el

hecho imputado es el de haber vendido cápsulas de revólver sin tener la licencia prescrita por la Ley de Rentas Internas.

La ley para enmendar el Capítulo II, Título IX, del Código Político y para derogar ciertas secciones del Código Penal, y para otros fines, aprobada en 9 de marzo de 1905, que empezó a regir en primero de julio de 1905, establece varias patentes y en su sección 17 dispone, que ninguna persona se dedicará a negocio alguno o industria de los mencionados en esa ley, mientras no haya pagado la licencia que en la misma se disponga; la sección 30 fija el importe de las varias licencias y entre ellas las de los traficantes en armas o municiones; la 21 regula que toda persona que, por sí o por medio de sus agentes o empleados, venda u ofrezca en venta, o exponga a la venta, o tenga en su establecimiento comercial cualquier artículo sujeto a impuesto por esa ley, será considerado como traficante; y por último, la sección 18 establece la pena, que por la primera falta no será menor de cien dollars de multa, para toda persona que emprenda o continúe cualquier industria u ocupación sujeta a patente sin proveerse de ella, o cuya licencia haya sido revocada.

Las citas de estas disposiciones legales, demuestran por sí solas que, el vender armas o municiones por sí o por sus empleados, desde 1°. de julio de 1905 sin proveerse de la patente exigida por la ley, es un delito público que está penado en la ley y por consiguiente, que la excepción aducida contra la denuncia es insostenible y estuvo bien desestimada.

Se alega como motivo de error, que habiéndose hecho la denuncia contra Juan y Narciso Barquet, sin embargo, la sentencia de la Corte de Distrito de Ponce condena a la mercantil "Barquet Hermanos," sin que el proceso se haya seguido contra esta sociedad, ni conste del récord que esté formada por Juan y Narciso Barquet, que sean sus gestores, ni los únicos miembros de esa mercantil.

La denuncia presentada ante la corte municipal, y que sirvió de acusación al verse el juicio de nuevo ante la corte de distrito, imputa a Juan Barquet y a Narciso Barquet la

comisión del delito; y la sentencia apelada condena a la mercantil "Barquet Hermanos" compuesta de Juan y Narciso Barquet.

Hemos leído detenidamente la exposición del caso aprobada por el juez de la corte inferior y nada encontramos en ella que justifique que los dos acusados constituyen la mercantil condenada, ni que sean los únicos gestores de ella, por lo que no es posible sostener una sentencia que en lugar de resolver sobre la responsabilidad de las dos personas naturales acusadas, condena a una entidad jurídica contra la que no se ha seguido el proceso.

Por este motivo debe ser revocada la sentencia de la corte inferior, la que deberá proceder a celebrar un nuevo juicio.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.