El Pueblo, Demandante y Apelado, *v.* The Mayagüez Fruit
Packing Company, Acusada y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez
en causa por infracción de la Ley de Corporaciones Pri-
vadas.

No. 1044.—Resuelto en julio 11, 1916.

Infracción Ley de Corporaciones Privadas—Corporaciones Privadas—Infor-
mes Anuales de las Corporaciones—Nombres de los Directores—Desa-
cato.—Cuando se imputa a una corporación privada el haber descuidado o
dejado de presentar en la oficina del Secretario de Puerto Rico el informe
anual a que se refiere la sección 25 de la Ley de Corporaciones Privadas de
1911, según fué enmendada en 1913, la inserción en la acusación de los nom-

bres de sus directores es conveniente porque si la falta se cometió debe el juez saber quiénes la componen para compelerlos mediante apercibimiento de desacato a que presenten el informe.

ID.—PROCEDIMIENTOS CONTRA LAS CORPORACIONES—DILIGENCIAS PRELIMINARES— ACUSACIÓN SUFICIENTE.—No hay precepto alguno que disponga que en una acusación en que se impute a una corporación el haber dejado de cumplir un requisito que ordena la ley, se haga constar haberse practicado las diligencias preliminares a que se refieren los artículos 453 a 458 del Código de Enjuiciamiento Criminal. Una acusación es buena cuando en términos claros imputa la comisión de un hecho penable.

ID.—FACULTADES DE LOS FISCALES DE DISTRITO—AUXILIARES DEL ATTORNEY GENERAL.—Siendo los fiscales de distrito auxiliares del Attorney General, y disponiendo sólo la ley que este funcionario hará que se instituya una acción contra la corporación sin determinar que sea él quien la presente, aquéllos tienen facultades para instituirla.

ID.—ACCIÓN PENAL—ACCIÓN CIVIL O ADMINISTRATIVA.—Cuando los hechos imputados a una corporación son la infracción de un deber impuesto por la ley, como es en este caso el dejar de presentar su informe, que se castiga con multa, después de obtenida su convicción es de naturaleza penal y no civil o administrativa.

ID.—ACUSACIÓN CONTRA UNA CORPORACIÓN—DIRECTORES—REPRESENTANTES LEGALES.—Como los directores de una corporación son sus representantes legales, presentada una acusación contra la corporación está dirigida contra las personas que la representan legalmente.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Feliú & Alemañy* y *José Sabater.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La corporación "Mayagüez Fruit Packing Co." apelante en este recurso fué acusada en la Corte de Distrito de Mayagüez en los siguientes términos:

"El Fiscal formula acusación contra la 'Mayagüez Fruit Packing Co.' que es una corporación privada y domiciliada en Mayagüez, compuesta de Juan Cancio Ortiz (Presidente), Leopoldo Feliú (Secretario), William Falbe (Tesorero), y José Roger Betancourt y José Roger Martínez (Vocales), por un *misdemeanor* o sea la infracción a la sección 25 de la ley titulada 'Ley para poner en vigor una Ley de Corporaciones Privadas' y según fué enmendada por la Ley No. 12, aprobada en marzo 10 de 1913 (Leyes de 1913, página 57), cometido como sigue:

"Que durante el transcurso del año 1915, y no más tarde del

día 15 de marzo del citado año, y hasta enero 20 del corriente año 1916, la citada corporación privada 'Mayagüez Fruit Packing Co.' que es una corporación privada, debidamente organizada y autorizada para hacer negocios y actuar en Puerto Rico, teniendo su domicilio en Mayagüez, territorio de la Corte de Distrito del Distrito Judicial de Mayagüez, P. R., y en donde actúa para los fines de su creación, los miembros de la misma y en especial su Presidente Don Juan Cancio Ortiz, con facultades para aceptar avisos de demandas y notificaciones, y representar a dicha corporación privada, ilegal y negligentemente, han descuidado y dejado de presentar en la oficina del Secretario de Puerto Rico, y en la del Tesorero de Puerto Rico, durante y desde el día primero de enero de 1915, al día 15 de marzo del mismo año 1915, el informe anual, autorizado por las firmas de su presidente u otro oficial o de los directores de la corporación, expresando las informaciones y requisitos expresados en la sección 25 de la Ley No. 30 de 1911, poniendo en vigor una Ley de Corporaciones Privadas, y según fué enmendada a su vez por la Ley No. 12, aprobada en 10 de marzo de 1913, y lo que aun no ha hecho dicha corporación privada 'Mayagüez Fruit Packing Co.' a pesar de los requerimientos que se le han hecho a tal objeto.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico. (Firmado) Angel Acosta, Fiscal del Distrito.

"La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento, creyendo solemnemente que existe justa causa para presentarla al tribunal. (Firmado) Angel Acosta, Fiscal de Distrito.

"Jurada y suscrita ante mí hoy día 3 de febrero de 1916. (Firmado) Francisco Azúar, Secretario Corte de Distrito."

La sentencia apelada condenó a dicha corporación a pagar al Pueblo de Puerto Rico cincuenta dólares de multa más las costas y ordenó a los directores y oficiales de la misma Juan Cancio Ortiz, presidente; Leopoldo Felíu, secretario; William Falbe, tesorero; José Roger Betancourt y José Roger Martínez, vocales, que dentro del término de cinco días produzcan el informe al Secretario de Puerto Rico apercibido de ser castigados por desacato a la corte si no lo verifican y dispuso además que por su secretario se libren los oportunos mandamientos para satisfacer la sentencia.

No existe en la transcripción exposición del caso ni pliego de excepciones porque como expone la parte apelante su apelación no descansa en cuestiones de prueba, pero sí una moción según la cual los acusados en la acción pidieron a la corte inferior que la archivara por los siguientes motivos:

"1°. Porque los hechos que se expresan en la dicha denuncia no constituyen delito ni acto alguno por el cual estos acusados puedan ser procesados y castigados en derecho.

"2°. Porque el Fiscal de este distrito no tiene autoridad, facultades ni personalidad alguna, por ministerio de la ley, para instituir ni proseguir esta acción.

"3°. Porque aun cuando la acción que aun cuando los hechos expresados en dicha denuncia dieran origen a alguna acción, ésta no sería nunca una acción de naturaleza criminal.

"4°. Porque cualquier derecho de acción que pudiera corresponder a El Pueblo de Puerto Rico por los hechos que se expresan en dicha denuncia, está ya prescrita."

En el alegato de la apelante se sostiene que la corte inferior cometió los siguientes errores:

"1. Que la corte erró al desestimar nuestra moción de sobreseimiento y archivo de la acción o causa.

"2. Que la corte erró al declarar culpable a la acusada del supuesto delito imputádole en dicha acusación.

"3. Que la corte erró al condenar a la acusada al pago de cincuenta dólares de multa.

"4. Que la corte erró asimismo al ordenar a Juan Cancio Ortiz, Leopoldo Felíu, William Falbe, José Roger Betancourt y José Roger Martínez, directores de la acusada, que radicaran en la Secretaría de Puerto Rico, en el término de cinco días, el informe a que se refiere la sentencia, y

"5. Que igualmente erró la corte al imponer las costas a la acusada."

Argumentando esos motivos de error se expone con respecto al de no haberse declarado con lugar su moción de sobreseimiento y archivo de la causa, que los hechos expresados en la acusación no constituyen delito ni acto alguno

que pueda ser castigado, porque la violación de la ley se imputa directamente a los miembros .de la corporación y en especial a su presidente Juan Cancio Ortiz y que la única persona responsable sería, de acuerdo con la ley, la corporación, como entidad jurídica, porque élla es la que tiene que presentar esos informes y no sus directores que sólo tienen que firmarlos y llenar los demás requisitos. de la ley. Sin embargo, la acusación está dirigida contra la corporación y ésta es la condenada a pagar la multa. La inserción en la acusación de los nombres de sus directores era conveniente porque si la falta se cometió debe el juez saber quiénes la componen para compelerlos mediante apercibimiento de desacato a que presenten los informes, según se ordena en la ley.

Se sostiene también que la acusación es insuficiente porque no expresa que se haya cumplido con los artículos 453 a 458 del Código de Enjuiciamiento Criminal. Estos artículos se refieren a las diligencias preliminares a la presentación de acusaciones contra corporaciones pero no hay precepto alguno que disponga que en la acusación se haga constar que tales diligencias se practicaron. Una acusación es buena cuando en términos claros imputa la comisión de un hecho penable.

En cuanto al segundo fundamento de la moción, como la ley dispone que el Attorney General hará que se instituya una acción contra la corporación, sin disponer que sea él quien la presente, y. como los Fiscales de los distritos son auxiliares de aquel funcionario, podemos presumir que la acusación se presentó por su orden.

Se sostuvo en el tercero que aun cuando los hechos relacionados dieran origen a una acción, no sería de naturaleza penal, sino civil o administrativa.

Como los hechos imputados son la infracción de un deber impuesto por la ley a las corporaciones, que se castiga con

multa, después de obtenida su convicción, entendemos que es de naturaleza penal, teniendo también en cuanta el interés que tiene la sociedad en que las corporaciones suministren ciertos datos para proteger en sus intereses a todos los que la componen.

Respecto al cuarto motivo de la moción, que es la prescripción, nada se dice en el alegato.

Siendo, pues, suficiente la acusación, no cometió error la corte inferior al dictar sentencia condenatoria basándose en ella.

Tampoco hubo error al disponer la sentencia que los directores presentaran el informe exigido por la ley, error que funda el apelante en que no podía dictarse tal orden contra ellos porque la acusación se dirigió únicamente contra la corporación.

Sin tener en cuenta ahora que el presidente compareció en el juicio, como los directores de una corporación son sus representantes legales, dirigida una acusación contra la corporación no hay duda que se dirige contra las personas que la representan legalmente y, por tanto, no puede sostenerse que la corte no tuviera jurisdicción sobre ellos como tales directores para hacerles cumplir los deberes de su cargo.

Por último se alega error en la imposición de las costas. Nos bastará decir que las costas se impusieron a la corporación y sosteniéndose la sentencia era procedente esa condena.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.