EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
NEMESIO SEDA Y JUAN FONT, acusados y apelantes.

No. 2431.—*Visto:* Abril 15, 1925.   *Resuelto:* Abril 28, 1925.

1. DERECHO PENAL—SENTENCIA Y AUTO DE PRISIÓN FINAL—SUFICIENCIA DE LA
   SENTENCIA.—Dirigida una denuncia individualmente contra los socios de una
   firma social, designándose éstos por sus nombres, es nula la sentencia dictada
   en virtud de la misma en la que se declara culpable *"al acusado,"* sin
   especificarse cuál.

2. DERECHO PENAL—SENTENCIA Y AUTO DE PRISIÓN FINAL—ESPECIFICACIÓN DEL
   DELITO EN LA SENTENCIA.—Es nula una sentencia en que no se determina
   el delito por el cual se declara culpable al acusado. (*Pueblo v. Fernández,*
   19: 114 y *Pueblo v. Campos,* 17: 1190, seguidos.)

3. PESAS Y MEDIDAS—DENUNCIA—REQUISITOS Y SUFICIENCIA—DELITO COMETIDO
   POR MEDIO DE UN EMPLEADO.—Una denuncia por infracción a la sección 2
   de la Ley No. 13 de abril 12, 1917 (Leyes de 1917, pág. 129), en la que se
   alega que los acusados—socios de una firma—en cierta fecha exhibían, ofrecían
   para la venta y *vendían por medio de su empleado vendedor XX* un número
   de bollos de pan faltos de peso, es suficiente. (*Pueblo v. Barquet,* 17: 1033
   y *Pueblo v. Barquet,* 19: 792, seguidos.)

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando por infrac-
ción a la Ley de Pesas y Medidas. *Revocada,* absolviéndose a
los acusados.

*C. Brunet del Valle,* abogado de los apelantes; *José E. Figueras,*
abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tri-
bunal.

Los acusados Nemesio Seda y Juan Font, que compo-
ponen la firma "Seda y Font," fueron denunciados ante
la Corte Municipal de Ponce por infracción de la sección 2
de la ley No. 13 de abril 12, 1917 (Leyes de 1917 (1), p. 129),
"Para reglamentar el peso de los bollos de pan, etc.," por-
que en cierta fecha exhibían, ofrecían para la venta y ven-
dían, por medio de su empleado vendedor Víctor Gutiérrez,
un número de bollos de pan faltos de peso.

La corte inferior, en grado de apelación, dictó la siguiente
sentencia:

"La corte oída la prueba de cargo en este caso, sin que el acu-
sado hubiera practicado prueba alguna, resolvió declarar y declaró

culpable al acusado y le condenó a pagar cinco dollars de multa o en defecto de su pago a sufrir cinco días de cárcel sin costas.''

[1] De la lectura de esta sentencia salta a la vista su nulidad. Ella declara culpable ''al acusado.'' No se denuncia a la firma ''Seda y Font'' ni podía hacerse tal denuncia contra la entidad social. Quizá esta ha sido la equivocación de la corte en ese particular al referirse en singular ''al acusado,'' por más que de dicha denuncia aparece claramente que ella está dirigida individualmente contra sus dos socios, designándose por sus nombres. Y si esto es así, no puede saberse cuál de ellos ha sido declarado·culpable, ya que no se dice el nombre del acusado a quien se le impone la pena.

[2] Existe además otro defecto en la sentencia y es la falta de determinarse el delito por el cual se declara culpable. al acusado. La jurisprudencia es clara en este punto. Tal omisión hace nula la sentencia. En el caso de *El Pueblo* v. *Fernández,* 19 D.P.R. 114, se declaró nula una sentencia por no especificarse el delito en la misma y en su apoyo se cita también el caso de *El Pueblo* v. *Campos,* 17 D.P.R. 1190.

No hemos creído necesario insistir en la alegación de los apelantes de que la denuncia es insuficiente, pues esta contención se resuelve por el caso de *El Pueblo* v. *Barquet,* 17 D.P.R. 1033, en que la acusación era semejante y se declaró suficiente. Véase asimismo *El Pueblo* v. *Barquet,* 19 D.P.R. 792.

Por las razones expuestas, *siendo nula la sentencia que dictó la corte inferior, se revoca la misma y se absuelve a los acusados.*