El Pueblo de Puerto Rico, demandante y apelado, *v.* The Mayagüez Sugar Co., Inc., acusada y apelante.

No. 3183.—*Visto:* Mayo 19, 1927. *Resuelto:* Julio 7, 1927.

1. Derecho Penal—Apelación y Error y Certiorari—Resolución y Disposición del Caso—Modificación de la Sentencia Apelada.—Aún cuando el Supremo modifica sentencias para ponerlas de conformidad con el récord, *se resolvió* en este caso el Supremo no. debía ejercitar su discreción para hacerlo así bajo los hechos del mismo.

2. Pesas y Medidas—Responsabilidad Criminal—Acusación o Denuncia—En General.—La sección 15 de la Ley de Pesas y Medidas No. 135 de 1913 (p. 107) según fué enmendada por Ley No. 30 de 1921 (p. 181) es insuficiente para justificar una acusación que imputa el tener una báscula que registre pesos incompletos.

3. Derecho Penal—Apelación y Error y Certiorari—Resolución y Disposición del Caso—Revocación de la Sentencia Apelada—Defectos en la Acusación—Vaguedad al Especificar el Artículo Infringido.—Cuando la acusación es vaga al especificar el artículo infringido y no aquel a que se refieren los hechos expuestos y se induce al acusado a error y esto lo comprueba prueba por éste presentada al creer que se le perseguía de conformidad con el artículo que imputaban los hechos expuestos, procede revocar y devolver el caso.

4. Corporaciones—Poderes Corporativos y Responsabilidades—Delitos y Procesos Criminales—Vistas Preliminares—Prueba.—Prueba de la celebración de la vista preliminar a que se refieren los artículos 453 y 458 del Código de Enjuiciamiento Criminal es una condición precedente para seguir con éxito una acusación contra una corporación.

Sentencia de *Charles E. Foote,* J. (Mayagüez), condenando al acusado por infracción a la sección 15 de la Ley No. 135 de 1913, según fué enmendada por Ley No. 30 de 1921 (p. 181). *Revocada.*

Alemany & Ramírez y Salvador Mestre, abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1, 2] La acusación en este caso imputaba a la acusada el tener una báscula que registraba peso incompleto en violación a la sección 15 de la Ley de Pesas y Medidas. La sentencia declaró a la acusada culpable de infringir dicha sección de la Ley de Pesas y Medidas. La sección 15 de la mencionada ley habla no de tener pesos falsos sino de dar medidas falsas en cualquier transacción. Dicha sección presupone que alguien ha sido defraudado. La sección 14 es la que se refiere a tener básculas que registren

pesos incompletos. La sentencia simplemente hace referencia a la sección 15 y no menciona los hechos que constituyen la infracción de ninguna ley. El fiscal llama la atención al hecho de que esta corte frecuentemente ha modificado sentencias para ponerlas de conformidad con los autos. Creemos que no debemos ejercer nuestra discreción para hacerlo así bajo los hechos del presente caso.

El primero de éstos es que la acusación es ambigua al mencionar específicamente la sección 15 como la que ha sido infringida. Esto es algún indicio de que a la acusada no se le dió entero conocimiento de la naturaleza del delito imputádole. El fiscal sostiene que la sección 15 por sí misma es suficiente para justificar esta acusación. Acabamos de resolver que no lo es. No obstante la sección no está redactada tan claramente como debería estarlo, y la acusada fácilmente pudo ser inducida erróneamente a creer que se le perseguía de conformidad con la misma.

La prueba presentada por la acusada tendió a demostrar que en esta forma la corporación fué inducida a error. Esta presentó prueba tendente a demostrar que en realidad de verdad no había defraudado a sus clientes. Testigos respetables declararon en tal sentido.

[3] La apelada, una corporación, señala como error el no haberse seguido los artículos 453 y 458 del Código de Enjuiciamiento Criminal. Estos artículos se refieren a la necesidad de celebrar una vista preliminar ante un juez de paz, funcionario que ahora está frecuentemente sustituído por el juez municipal. En respuesta a esta contención el fiscal cita el caso de *El Pueblo* v. *Mayagüez Fruit Packing Company,* 24 D.P.R. 314. Ese caso sólo decide que no es necesario exponer en la acusación el hecho de tal procedimiento preliminar. Estamos inclinados a convenir con la apelante que prueba de este paso preliminar era una condición precedente para seguir con éxito la acusación. La duda que nos abruma es si tal cuestión no debió haber sido levantada en alguna forma en la corte inferior.

La apelante dedica considerable espacio en su alegato para tratar de demostrar que el Pueblo no probó fuera de duda razonable que la báscula registraba peso incompleto. Según algunas declaraciones había diferencias que dependían de la posición en la báscula de las cosas que se iban a pesar, pero la apelante no nos convence de que ésta no era una cuestión para ser apreciada por el juez sentenciador al igual que cualquier otro conflicto de la evidencia.

En resumen, por lo vaga de la acusación en relación con la prueba y por el error en la sentencia dictada, *debe revocarse esta última y devolverse el caso,* para ulteriores procedimientos no inconsistentes con esta opinión.