EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS RAMOS, acusado y apelante.

No. 3596.—*Sometido:* Febrero 5, 1929. *Resuelto:* Febrero 13, 1929.

*Dubón & Ochoteco,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La sección 2 de la Ley No. 25 de junio 10, 1921, leyes de ese año, página 167, dispone lo siguiente:

"Sección. 2.—Todo pan que se venda o se ofrezca o exhiba para la venta en Puerto Rico deberá ser envuelto en una bolsa de papel y llevar sobre la misma un rótulo claro e inteligible, en castellano, con el peso correcto y el nombre del fabricante; *Disponiéndose,* que el Jefe del Negociado de Pesas y Medidas establecerá al empezar a regir esta ley aquellas variaciones o tolerancias razonables que tanto por exceso como por defecto pueden ser aplicables al peso indicado de los bollos."

La denuncia que tenemos a la vista lee como sigue:

"Yo, José Rojas Flores, Insp. Ins. P. vecino de San Juan, calle Allen No. 5, de 29 años, formulo denuncia contra Jesús Ramos por delito inf. sec. 2 Ley No. 25, aprobada en junio 11, 1921, cometido de la manera siguiente: Que en 29 de febrero de 1928, y en la calle Martí del Distrito Judicial de Bayamón, que forma parte del Distrito Judicial de San Juan, el acusado arriba mencionado, que es dueño de un establecimiento dedicado a la elaboración y venta de pan, voluntaria e ilegalmente exhibía para fines de venta bollos de pan faltos de peso. Se tomaron al azar doce bollos de pan, que, según su rótulo, dicen pesar una libra cada uno; se pesaron en una balanza *standard* del Negociado de Pesas y Medidas uno a uno y dieron el siguiente resultado en gramos, de 431, 406, 387, 386, 435, 431, 423, 383, 423 431, 423 y 381 gramos, respectivamente. Teniendo en cuenta que la libra *standard* tiene 453 gramos; estos bollos tienen las siguientes deficiencias en su peso de 22, 47, 66, 67, 18, 22, 30, 70, 30, 22, 30 y 72 gramos, respectivamente, que dan un promedio por defecto de 41.3 gramos, que es mayor que la tolerancia concedida por el Jefe del Negociado de Pesas y Medidas en el promedio por defecto para los bollos de una libra, pues la tolerancia que se concede es de 15 gramos solamente.

"Se presentan doce bollos de pan y una copia de la Circular No. 80, debidamente certificada por el Jefe del Negociado de Pesas y Medidas, como prueba.

"Hecho contrario a la ley."

La sección 2, *supra,* no solamente exige que la envoltura esté marcada en castellano inteligible, sino también que el peso correcto aparezca sobre la misma. No tenemos dudas de que los hechos imputados en la denuncia caen dentro del delito penado por el estatuto, y el caso de *El Pueblo* v. *Mayagüez Sugar Co.,* 37 D.P.R. 112, no es aplicable.

El segundo y cuarto señalamiento pueden ser tratados conjuntamente. Éstos leen como sigue:

"Segundo error: Que la Corte de Distrito del Distrito Judicial de San Juan, P. R., cometió error manifiesto al declarar sin lugar la moción de *non suit* formulada por el acusado en el presente caso.

"Cuarto error: Y por último la corte inferior cometió error manifiesto al declarar al acusado culpable de una infracción a la Ley de Pesas y Medidas del 11 de 1921, aprobada por nuestra Asamblea Legislativa."

Como el acusado sometió su prueba, solamente tenemos que considerar si ella en su totalidad es suficiente para sostener una sentencia condenatoria.

El acusado en la silla testifical expresó su sorpresa respecto a la forma en que se estaba tomando la prueba, pero no podemos resolver que tuviera derecho a expresar tal sorpresa. La denuncia imputaba suficientemente el delito, y además hay otras indicaciones en los autos de que el acusado sabía lo que el inspector hacía al pesar el pan y el deber que se le imputaba haber infringido, o sea, marcar su pan falsamente. Compareció a juicio ofreciendo pesar el pan.

El tercer señalamiento de error dice así:

"La corte inferior cometió error manifiesto al negarle al acusado la oportunidad de repesar en una balanza *standard* del Gobierno de Puerto Rico el pan que se ofreció en evidencia, con el fin de mostrar que el peso del mismo correspondía al del rótulo que ostentaba en la parte exterior dicho pan."

Como durante el juicio el acusado no tenía balanzas ni los medios necesarios a la mano para pesar el pan, la corte estuvo en lo cierto al resolver discrecionalmente que la oferta hecha después de El Pueblo haber terminado su caso era demasiado tardía. El ·acusado debió haber estado preparado para presentar su prueba.

*La sentencia apelada debe ser confirmada.*