EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARMELO RODRÍGUEZ, acusado y apelante.

No. 4583.—*Sometido:* Diciembre 2, 1931. *Resuelto:* Diciembre 4, 1931.

*Angel A. Vázquez,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de una causa sobre infracción a la Ley de Pesas y Medidas. El apelante señala en su alegato dos errores cometidos a su juicio por la corte al estimar suficiente la denuncia y al dictar sentencia en forma ineficaz.

Examinemos el primer error. La denuncia, en lo pertinente, dice:

"Que en 6 de noviembre de 1930 y en Calle Canals No. 2, Santurce, . . . el acusado . . . Carmelo Rodríguez, que se dedica a la venta de hielo en el carro No. 8 de T. Llamas, voluntaria e ilegalmente vendió al Sr. A. J. Plard diez libras de hielo por el valor de cinco centavos o sea a razón de dos libras por cada centavo, habiendo hecho efectivo los cinco centavos el Sr. Plard, siendo repesado dicho hielo en el momento de la entrega en una balanza Standard de Neg. de Pesas y Medidas y en la misma balanza del acusado Carmelo Rodríguez y en presencia del acusado, faltándole dos libras de hielo del peso original, defraudando de este modo al Sr. Plard en dos libras de hielo que tiene un valor de un centavo. . . ."

Y la ley que en la misma denuncia se señala como infringida, o sea la No. 135 de 1913 en su sección 15, tal como fué enmendada por la Ley No. 30 de 1921, expresa:

"Sección 15.—Ninguna persona dará, ni permitirá que se dé, ningún peso o medida falso o incompleto en la compra, venta, traspaso

o transporte de artículos, efectos o mercancías, o en la compra o venta de cualquier trabajo, tarea o servicio cuya remuneración deba ajustarse sobre la base de peso, o sobre una base de medida que no sea la del tiempo; y ninguna persona usará ni permitirá que se use, ninguna pesa o medida falsa en cualquiera transacción industrial o comercial, como base para fijar el precio o pago en la compra, venta, traspaso o transporte de cualesquiera artículos, efectos o mercancías, o en la compra o venta de cualquier trabajo, tarea o servicio cuya remuneración deba ajustarse sobre la base de peso, o sobre una base de medida que no sea la del tiempo, ni tendrá ni permitirá que se tenga en su establecimiento comercial o industrial tal pesa o medida falsa.''

En su alegato sostiene el apelante que ''la denuncia no alega que el acusado diera peso falso o incompleto o que usara pesa o medida falsa en la venta del hielo que se le imputa, o que tuviera en su establecimiento comercial pesa o medida falsa, sino que por el contrario admite que el peso original fué de diez libras y que esa cantidad fué la vendida por el acusado, pero que, después en el momento del repeso y de la entrega, faltaron dos libras. Este no es el delito a que se refiere la ley.''

A nuestro juicio la denuncia pudo redactarse en forma más clara y precisa, pero, tal como lo está, imputa al acusado el haber vendido ocho libras de hielo como diez, habiendo cobrado el importe de las diez, defraudando de tal modo al comprador en dicho importe. Y ése es exactamente uno de los actos prohibidos por la ley que se ha invocado. No existe el primer error.

Tampoco existe el segundo. La sentencia que se impugna como ineficaz, en lo pertinente, dice:

''Llamado este caso para juicio compareció el acusado en persona y representado por su abogado Sr. Angel A. Vázquez y el fiscal Massari en representación de El Pueblo de Puerto Rico. Leídale la acusación el acusado dijo ser inocente y practicada la prueba la Corte declara a Carmelo Rodríguez culpable de infracción a la Sección 15 Ley 135 de 1913 enmendada por Ley 30 de 1921, y lo condena a pagar una multa de cincuenta dólares o en su defecto . . .''

El apelante sostiene que pudiendo infringirse la sección 15 de la Ley de Pesas y Medidas en tres formas distintas, la sentencia debió mencionar los hechos que constituyen la infracción en este caso concreto y no limitarse a citar la ley en general. Invoca en su apoyo los casos de *El Pueblo* v. *Seda,* 34 D.P.R. 207 y *El Pueblo* v. *Mayagüez Sugar Co.,* 37 D.P.R. 112.

Las circunstancias que concurrían en los casos que invoca el apelante son muy diferentes a las que en éste concurren. Es cierto que la sentencia pudo y debió ser más específica para cumplir enteramente con la ley, pero es cierto también que el defecto que se observa no es fundamental y puede corregirse en apelación. La sentencia está por sus términos perfectamente conectada con la denuncia, y la denuncia contiene los hechos que faltan en la sentencia.

Siendo esto así, todo lo que debe hacerse por esta Corte es corregir la sentencia de manera que quede redactada, en lo pertinente, así: ". . . . declara a Carmelo Rodríguez culpable de una infracción prevista en la sección 15 de la Ley No. 135 de 1913 enmendada por la Ley No. 30 de 1921, consistente en vender hielo falto de peso, y lo condena . . ."

*Y así corregida, procede su confirmación.* .