EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PLA HNOS. DRY CLEANING PLANT, acusada y apelante.

Núm. 15178.—*Sometido:* Febrero 11, 1952. *Resuelto:* Febrero 28, 1952.

*Elmer Toro Lucchetti,* abogado de la apelante; *Hon. Procurador General Víctor Gutiérrez Franqui, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Pla Hnos. Dry Cleaning Plant fué acusada de infringir el artículo 25 de la Ley de Corporaciones, porque siendo una corporación privada, organizada de acuerdo con las leyes de Puerto Rico, y habiendo realizado negocios en esta Isla, ilegal,

voluntaria y criminalmente y sin excusa legal, no remitió para su archivo en la oficina del Tesorero de Puerto Rico, el día 15 de marzo o antes, el informe anual requerido por ese artículo. Celebrado el juicio correspondiente, la corporación fué declarada culpable y sentenciada a pagar una multa de $500. En apelación alega (1) que la penalidad creada por el artículo 25, supra, es de naturaleza civil y que no habiendo delito por el cual pudiera condenársele, la sección criminal del Tribunal de Distrito carecía de jurisdicción para conocer del caso; y (2) que de resolverse que las disposiciones del indicado artículo constituyen un delito público, la apelante no puede ser condenada por el mismo.

Al discutir el primero de los errores señalados, la apelante sostiene que la cuestión a ser resuelta es si la penalidad impuesta por el estatuto constituye un delito menos grave o si por el contrario se trata de una sanción de naturaleza civil, de las conocidas en el derecho anglosajón como *statutory penalties;* que un estudio cuidadoso de las disposiciones del artículo 25, según fué traído a nuestra jurisdicción en 1911, necesariamente significa que la penalidad impuesta en el mismo es de naturaleza civil; que si la ley de 1911 no creaba un delito menos grave y era por consiguiente de índole civil en su totalidad, forzosamente tiene que resolverse que continúa así; y que si bien el referido artículo ha sido enmendado en distintas ocasiones, en el título de las leyes enmendatorias no aparece en forma alguna que fuera el propósito del legislador establecer un delito menos grave. No estamos de acuerdo. Veamos el historial de la sección que nos concierne, desde su aprobación original hasta el presente:

La Ley núm. 30 de 9 de marzo de 1911 (pág. 93) "Para Poner En Vigor Una Ley de Corporaciones Privadas" disponía en lo esencial en su artículo 25 que ". . . cualquiera de dichas corporaciones que rehuse o deje de presentar tales informes detallados, o de modificarlos cuando sea requerida para ello por el Secretario de Puerto Rico, o por el Tesorero

de Puerto Rico, en el caso de que el informe esté incompleto o no sea satisfactorio, *incurrirá en una multa de doscientos dollars, en beneficio de El Pueblo de Puerto Rico*, que será hecha efectiva con las costas, mediante una acción entablada por el Attorney General a solicitud del Secretario de Puerto Rico." (Bastardillas nuestras.) (¹)

Al enmendarse el referido artículo por la Ley núm. 12 de 11 de marzo de 1913 (pág. 57) se dispuso, en lo aquí pertinente, que "En caso que dicha corporación dejare de presentar dicho informe detallado o se negare a ello, . . . el Secretario de Puerto Rico o el Tesorero de Puerto Rico, según sea el caso pasará el asunto al Attorney General quien hará que se instituya una acción contra la corporación y, *convicta que fuere, estará sujeta al pago de una multa de cincuenta (50) dólares y costas . . .*" (Bastardillas nuestras.)

Al enmendarse nuevamente el referido artículo por la Ley 92 de 13 de mayo de 1936 (pág. 489), luego de usarse un lenguaje similar al antes copiado, se dijo: *"y convicta que fuere estará sujeta al pago de una multa de cincuenta dólares y costas."* (Bastardillas nuestras.)

Al enmendarse por la Ley núm. 86 de 12 de mayo de 1943 (pág. 201) el artículo 25, supra, una vez más se usan las palabras *"y convicta que fuere estará sujeta al pago de una multa de cincuenta dólares y costas, . . ."* (Bastardillas nuestras.)

Finalmente en la Ley núm. 154 de 11 de mayo de 1948 (pág. 359) que de nuevo enmendó el artículo 25, se usa un contexto similar al de las leyes antes citadas y se dice *"y convicta que fuere dicha corporación estará sujeta al pago*

---

(¹) La parte arriba copiada del artículo 25 reza del modo siguiente en el texto inglés:

". . . Any such corporation failing or refusing to render such full reports or to amend the same when required to do so by the Secretary of Porto Rico or the Treasurer of Porto Rico in case the same shall be incomplete or unsatisfactory, *shall forfeit to The People of Porto Rico two hundred dollars* to be recovered with costs in an action *to be prosecuted* by the Attorney General at the request of the Secretary of Porto Rico." (Bastardillas nuestras.)

*de una multa de quinientos (500) dólares y costas."* (Bastardillas nuestras.) Fué precisamente de acuerdo con el artículo 25 de la ley según regía bajo la enmienda de 1948 que se procesó a la corporación apelante.([2])

Innegable es que en el texto castellano del artículo 25 de la ley, tal cual el mismo fué aprobado originalmente, se dice que la corporación que rehuse o deje de presentar tales informes "incurrirá en una multa de doscientos dollars, en beneficio de El Pueblo de Puerto Rico" y que en el texto inglés las palabras que acabamos de poner entre comillas aparecen como "shall forfeit to The People of Porto Rico two hundred dollars" y que ello a primera vista podría dar la impresión de que el procedimiento que debía seguirse contra la corporación en aquel entonces era uno de naturaleza civil y no penal. Sin embargo, innegable también lo es que en todas las leyes enmendatorias posteriores se usa la frase "convicta que fuere" y la palabra "multa". Esto da a entender, sin lugar a dudas, que la acción a ser iniciada por el Procurador General de Puerto Rico contra la corporación que rehuse o deje de cumplir con la ley es una de carácter penal. La palabra "convicta", según el Diccionario de Derecho Usual de Guillermo Cabanellas, Primera Edición, significa "reo al que, aun cuando no ha confesado su delito, le ha sido probado legalmente por un cúmulo de pruebas evidentes." Definición similar nos la da el Diccionario de la Lengua Española publicado por la Real Academia. Al hablar de reo y de delito, la definición de la palabra convicta no puede referirse sino a una persona que ha infringido una ley de carácter penal. Por otra parte, la palabra "multa", según el primer diccionario citado significa "cierta pena pecuniaria, que se impone en casos de contravención de las leyes." La Enciclopedia

---

([2]) El artículo 25 de la Ley de Corporaciones fué también enmendado por la Ley 216 de 4 de mayo de 1951 (pág. 607) y en esa ley enmendatoria una vez más se dice "y convicta que fuere dicha corporación estará sujeta al pago de una multa de quinientos (500) dólares y costas." Como la acusación en este caso fué presentada en 4 de diciembre de 1950, esa ley no estaba aún en vigor.

Jurídica Española, de Francisco Seix, define la palabra multa en forma similar. Véase el tomo 23 de esa obra, pág. 105. La definición de la palabra multa nos hace concluir asimismo que se trata de un proceso de índole penal, [3] y todo ello nos lleva a la conclusión de que cualquier corporación que infrinja el artículo 25 de la ley antes citada incurre en un delito menos grave.

La cuestión que plantea la apelante en su primer error señalado no es nueva en esta jurisdicción. Idéntica controversia fué suscitada en el caso de *Pueblo* v. *Mayagüez Fruit Packing Co.*, 24 D.P.R. 314 y en él dijimos que "como los hechos imputados son la infracción de un deber impuesto por la ley a las corporaciones, *que se castiga con multa, después de obtenida su convicción*, entendemos que es de naturaleza penal . . ." (Bastardillas nuestras.)

No creemos que fuera necesario que en el título de las leyes enmendatorias se hiciera constar, conforme alega la apelante, que el propósito del legislador era establecer un delito menos grave. Ellas no violan en forma alguna el artículo 34, párrafo 8, de la Carta Orgánica (48 U.S.C.A. 267, sección 832). La Ley de Corporaciones Privadas, según fué aprobada en 1911, claramente dice en su título cuál fué el objeto de la misma y todas las leyes enmendatorias antes citadas son congruentes con el asunto de la ley original y cumplen con el requisito constitucional. Véanse *Laboy* v. *Corporación Azucarera Saurí & Subirá*, 65 D.P.R. 422, y casos en él citados.

Siendo todo ello así, la acción en este caso fué propiamente iniciada ante el Tribunal de Distrito de Puerto Rico, Sección de San Juan, Sala de lo Criminal.

En relación con el segundo error señalado, insiste la apelante en que no puede condenársele por la comisión de un

---

(3) El Código Penal en su artículo 10 provee que "Todo delito público es un acto cometido u omitido en violación de alguna ley que lo prohibe u ordena, aparejando, al ser probado, cualquiera de las penas siguientes: ... 3.—multa ... "

delito público, toda vez que presentó la planilla en 9 de enero de 1951. Como se ve, la corporación lo que hizo fué someter con 10 meses de dilación la planilla requerida por la ley. El hecho de que así lo hiciera no la releva de responsabilidad. Lo que el estatuto dispone es que en adición al pago de una multa de $500 y las costas la corte ordenará a sus directores y oficiales que cumplan con los requisitos de la ley dentro del plazo que se especifique en la orden. Esto claramente significa que si para la fecha en que se dicta la sentencia la corporación aún no ha radicado su planilla, la corte le ordenará que así lo haga. Si en el ínterin la corporación ha rendido su planilla, una orden a ese efecto se hace, desde luego, innecesaria.

*Debe confirmarse la sentencia apelada.*