EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HICKOCK OF PUERTO RICO, INC., acusada y apelante.

Número 15927.

*Sometido:* 5 de abril de 1955. *Resuelto:* 14 de junio de 1955.

*Joshua Hellinger*, abogado de la apelante; *Hon. Secretario de Justicia José Trías Monge, Rafael L. Ydrach Yordán y Ramón Olivo Nieves, Fiscal y Fiscal Auxiliar, respectivamente, del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Hickock of Puerto Rico, Inc., fué acusada de infringir los arts. 25 y 41 de la Ley de Corporaciones de Puerto Rico porque "siendo una corporación privada, organizada de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, ilegal, voluntaria y criminalmente y sin excusa legal, no rindió para su archivo en la oficina del Secretario de Hacienda de Puerto Rico el día 15 de marzo de 1954 o antes de esa fecha el informe anual requerido por los artículos 25 y 41 de la Ley de Corporaciones de Puerto Rico": Celebrado el juicio correspondiente la corporación fué declarada culpable y sentenciada a pagar $500 de multa y las costas. No conforme apeló para ante este Tribunal.

En su primer señalamiento imputa a la corte sentenciadora haber cometido error al sostener que el Secretario de Hacienda como cuestión de derecho, no tenía poderes discrecionales para conceder prórrogas para radicar los informes con arreglo a los arts. 25 y 41 de la Ley de Corporaciones.

Como veremos en seguida es innecesario resolver esta cuestión. No hay controversia alguna en cuanto a los hechos. Estos fueron estipulados por las partes. De acuerdo con dicha estipulación, la corporación apelante no rindió en 15 de marzo de 1954 los informes requeridos por los arts. 25 y

41(¹) de la Ley de Corporaciones de Puerto Rico.(²)   Ella solicitó y obtuvo prórrogas del Secretario de Hacienda para rendir dichos informes, hasta el día 31 de mayo de 1954.   En junio 18 de 1954, ya vencida la última prórroga, la corporación radicó los susodichos informes.

Es incuestionable que la apelante no rindió los informes requeridos por la ley ni en 15 de marzo de 1954 ni dentro de la prórroga que le concedió el Secretario de Hacienda.   Por tanto, carece aquí de importancia la cuestión de si el Secretario de Hacienda tenía o no discreción para conceder prórrogas para radicar los informes.(³)   El hecho cierto es que a la apelante se le concedieron prórrogas, con o sin autoridad en ley, y que a pesar de ello, no rindió los informes en la fecha que fija la ley o en la fecha que le fijó el Secretario de Hacienda, al concederle las prórrogas.   Bajo tales circunstancias la apelante no podía escapar a la responsabilidad impuesta por los arts. 25 y 41.   Véase *Pueblo* v. *Plá Hnos. Dry Cleaning Plant*, 73 D.P.R. 196.

---

(¹) El art. 25 de la Ley de Corporaciones requiere que las corporaciones domésticas presenten en la Oficina del Secretario de Hacienda de Puerto Rico anualmente y no más tarde del 15 de marzo un informe conteniendo un balance general demostrativo de su condición económica al cierre de sus operaciones y otro conteniendo un balance general según se refleje por los libros de contabilidad al día primero de enero anterior.

El art. 41 requiere estos mismos informes de las corporaciones extranjeras.

Ambos artículos disponen que cuando una corporación dejare de presentar dichos informes o se negare a ello, o a enmendarlos cuando fuera requerida por la autoridad pertinente si éstas lo requieren por ser incompletos o no satisfactorios, el caso pasará al Procurador General, quien hará que se instituya una acción contra la corporación, y convicta que fuere dicha corporación estará sujeta al pago de una multa de $500.00 y costas.

(²) "Ley para Poner en Vigor una Ley de Corporaciones privadas según quedó enmendada por la Ley núm. 154 aprobada en 11 de mayo de 1948 (Leyes de Puerto Rico de 1948, pág. 359) y por la Ley núm. 216 de 4 de mayo de 1951 (Leyes de Puerto Rico de 1951, pág. 607)."

(³) Hubiéramos tenido que enfrentarnos a esta cuestión y quizás a otras que podrían afectar la responsabilidad criminal de la apelante si ella hubiera rendido los informes dentro de la prórroga y a pesar de ello hubiera sido hallada culpable de infringir los arts. 25 y 41 de la Ley de Corporaciones.

■ En el segundo señalamiento la apelante imputa a la corte a quo haber errado al sostener que el Secretario de Hacienda como cuestión de derecho, no abusó de su discreción al dejar de promulgar reglamentos para cubrir las situaciones que surgieran en la administración de esta Ley, como la surgida en este caso.

El señalamiento carece de mérito. En el juicio celebrado en la corte a quo no se suscitó por la apelante cuestión alguna relacionada con el supuesto deber del Secretario de Hacienda de promulgar reglamentos aplicables a situaciones especiales que cayeran bajo su jurisdicción. Esto bastaría para desestimar el error. Independientemente de haberse levantado tardíamente la cuestión, no vemos la necesidad de discutir si es obligación del Secretario de Hacienda promulgar reglamentos que ayuden a poner en vigor el estatuto, en vista de la situación de hechos que tenemos ante nos.

■■ En su tercero y último señalamiento la apelante imputa error a la corte sentenciadora al sostener que era obligatorio para ella imponer una multa de $500 y costas, y siendo esto así le priva de sus facultades para ejercer su discreción en cuanto a la cuantía y alcance del castigo.

Tanto el art. 25, que se refiere a corporaciones domésticas, como el art. 41, que se refiere a las corporaciones extranjeras disponen que en "caso de que dicha corporación dejare de presentar dichos informes . . . el Tesorero de Puerto Rico . . . . pasará el asunto al Procurador General, quien hará que se instituya una acción contra la corporación, . . . y convicta que fuere dicha corporación estará sujeta al pago de una multa de quinientos (500) dólares y costas, . . .". Es indudable que la Legislatura prescribió una pena fija para el delito allí creado.

Sostiene la apelante que un estatuto que prive al juez de ejercer su discreción en la imposición de la pena es contrario al debido procedimiento de ley tal y como lo entendemos en esta jurisdicción. Sin embargo, no cita autoridad alguna para sostener tal doctrina. En cambio, es bien conocido el

principio universal en derecho que en ausencia de limitación constitucional al efecto los cuerpos legislativos tienen poderes para prescribir castigos por actos delictivos. 24 C.J.S., párr. 1975, pág. 1180; 15 Am. Jur. 155, sec. 507.

Tampoco tenemos duda de que la legislatura puede prescribir castigos o penas fijas. *Commonwealth* v. *Sweeney*, 127 Atl. 226; *Wilson* v. *State*, 187 S.W. 440; *Commonwealth ex rel. Banks* v. *Cain*, 28 A.2d 897; 15 Am. Jur. 156, sec. 507. La Constitución del Estado Libre Asociado de Puerto Rico, lo único que dispone a este respecto es que "las multas no serán excesivas" ([4]) y que "no se impondrán castigos crueles e inusitados". ([5]) La imposición a una corporación de una multa de $500, por no rendir en tiempo los informes que exigen los arts. 25 y 41 de la Ley de Corporaciones, no es contraria a las citadas disposiciones constitucionales. ([6])

*No habiéndose cometido ninguno de los errores señalados, la sentencia apelada será confirmada.*

---

([1]) Artículo II, Sección 11.
([5]) Artículo II, Sección 12.
([6]) En cuanto a lo que constituye "castigos crueles e inusitados", véase 24 C.J.S., sec. 1978(*b*), pág. 1187 y 15 Am. Jur. 171, sec. 523 y en cuanto a lo que se entiende por "multas excesivas", véase 24 C.J.S. pág. 1191 y 15 Am. Jur. 185, sec. 551.