EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CLUB MANAGEMENT, INC., acusada y apelante.

Número: CR-62-279 Resuelto: 25 de abril de 1963

190

—o—

*Norman A. Pardo,* abogado de la apelante; *Rodolfo Cruz Contreras, Procurador General Interino,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: El 26 de septiembre de 1960 se radicó acusación en la Sala de San Juan del Tribunal Superior contra la apelante por razón de que en 15 de abril de 1960 no rindió al Secretario de Hacienda un determinado informe que exige la Ley de Corporaciones. A esta acusación se le dio lectura el 2 de febrero de 1961. El caso fue señalado para vista y pospuesto en varias ocasiones. En 23 de mayo de 1961 se presentó una acusación enmendada, alegándose ahora por vía de enmienda que la apelante no había radicado el 18 de abril de 1960 dicho informe, fecha hasta la cual el Secretario de Hacienda había concedido una prórroga general para rendir el mismo.

Contra la acusación enmendada la apelante alegó la prescripción del delito por cuanto la misma se había presentado después de haber transcurrido un año desde el 18 de abril de 1960 fecha en que el delito fue cometido. La Sala sentenciadora negó la prescripción y el archivo considerando que la acusación enmendada se retrotraía a la fecha de la acusación original, pero ordenó que dicha acusación enmendada se señalara para una nueva lectura el 20 de noviembre de 1961.

El 1ro. de diciembre de 1961 expedimos *certiorari* para revisar esa resolución del Tribunal. En 16 de febrero de 1962 desestimamos el recurso al no presentar la apelante alegato. Devuelto el mandato, el 11 de septiembre de 1962 se celebró el juicio, y se le *impuso a la apelante una multa de $100.* De esta sentencia se apeló en igual fecha.

En este recurso la apelante discute la misma cuestión de derecho en cuanto a la prescripción del delito. Sostiene que la acusación enmendada era en sí una acusación original que imputaba por primera vez un delito cometido al 18 de abril de 1960, ya que en 15 de abril según la imputación de la acusación anterior, no se había cometido delito alguno. El Procurador General refuta la cuestión también en sus méritos.

Aunque no puede decirse que el planteamiento de la apelante carezca de mérito, no tenemos jurisdicción para adjudicar la cuestión planteada. La razón es que según consta del expediente la apelante hizo alegación de culpabilidad, y vista dicha alegación de culpabilidad la Sala sentenciadora la declaró convicta. El Art. 347 del Código de Enjuiciamiento Criminal, según fue enmendado por la Ley Núm. 128 de 26 de abril de 1950, dispone que el acusado puede apelar: "De una sentencia condenatoria definitiva, excepto en casos de convicción por alegación de culpabilidad." En tales casos este Tribunal está facultado para revisar discrecionalmente por *certiorari* sólo cualquier error cometido por el tribunal inferior en el pronunciamiento de la sentencia.

*Se desestimará el recurso por falta de jurisdicción.*

—o—

EN MOCIÓN DE RECONSIDERACIÓN

San Juan, Puerto Rico, 9 de junio de 1964

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En opinión per curiam de 25 de abril de 1963 nos declaramos sin jurisdicción en este recurso por el fundamento de

que de los autos elevados al Tribunal surgía que la apelante había hecho declaración de culpabilidad ante la Sala sentenciadora y fue convicta y sentenciada a base de dicha declaración de culpabilidad. En tal caso la apelación no procedía. Sólo *certiorari* discrecionalmente en cuanto a error en el pronunciamiento de la sentencia.

Solicitada la reconsideración del fallo anterior y después de varios trámites se ha establecido sin lugar a dudas que los autos elevados al Tribunal no eran correctos, que la apelante no hizo declaración de culpabilidad y que la sentencia se dictó después de un juicio en su fondo. En esas circunstancias procede que dejemos sin efecto nuestra sentencia de 25 de abril de 1963 desestimando el recurso por falta de jurisdicción y consideremos la apelación en sus méritos.

El 26 de septiembre de 1960 se radicó acusación contra la corporación apelante por infracción al Art. 1301 de la Ley de Corporaciones de 1956, imputándole que no radicó en la oficina del Secretario de Hacienda en o antes del 15 de abril de 1960, un informe anual autenticado con la firma del presidente o vicepresidente . . ., conteniendo dicho informe un balance general, correcto y exacto de la condición económica de la corporación al cierre de sus operaciones para el año 1959; un balance general correcto y exacto según reflejado por los libros de contabilidad al 1ro. de enero de 1960 y un estado de ganancias y pérdidas correspondiente al último año de operaciones de la corporación. El acto de la lectura de esa acusación tuvo lugar el 2 de febrero de 1961 y se señaló el juicio en su fondo para el 14 de marzo siguiente.

En 23 de mayo de 1961 se radicó una acusación enmendada sin permiso previo del Tribunal, imputando los mismos hechos. La enmienda consistió en que al final de la acusación se adicionó "ni tampoco radicó en o antes del 18 de abril de 1960, hasta cuya fecha fue concedida una prórroga general por el Secretario de Hacienda de Puerto Rico." Contra esta acusación enmendada la defensa alegó prescripción del pro-

ceso por haberse radicado dicha acusación enmendada después de transcurrido un año de la comisión del delito.

Resolviendo el planteamiento por resolución de 1ro. de noviembre de 1961, la Sala sentenciadora se expresó así:

"En el caso de epígrafe el Sr. Fiscal radicó acusación el día 26 de septiembre de 1960. Le fue leída el 2 de febrero de 1961. Posteriores señalamientos para juicio fueron pospuestos por razones que no es necesario consignar ahora. El 23 de mayo de 1961 el Sr. Fiscal presentó una acusación enmendada. Sin haberse leído ésta el caso se señaló para ventilarse el día 24 de agosto de 1961. Llamado el caso en ese día la representación legal de la corporación interpuso la defensa de prescripción a la luz del artículo *79 del Código Penal, 33 L.P.R.A. sec. 233*. Adujo que de acuerdo con la acusación original la supuesta infracción de ley fue cometida el día 15 de abril de 1960, luego al tiempo de la acusación radicada en 23 de abril(*) de 1961 la acción estaba prescrita. Si se tratara de una acusación original tendría razón la acusada; pero se trata de una acusación substancialmente enmendada antes de la vista del caso, que no varía el delito imputado y *cuya radicación no es el resultado de una orden judicial dictada con motivo de declararse con lugar una excepción perentoria después de iniciado el proceso*. Procede que se le conceda a la acusada una oportunidad de alegar nuevamente contra la acusación enmendada. *Pueblo v. Morales, 79 D.P.R. 605, cita precisa a la página 609.*

"Por los anteriores fundamentos se declara sin lugar la moción de archivo y sobreseimiento y se señala la lectura de la acusación enmendada para el día 20 de noviembre de 1961 a las nueve de la mañana." (1)

Al comenzar la vista del caso en sus méritos el 11 de septiembre de 1962, la apelante reprodujo su planteamiento de prescripción el cual fue de nuevo desestimado. Se le halló culpable y fue condenada a pagar $100 de multa y las costas.

La única cuestión ante nos es la relativa a la prescripción del proceso. Si nos atuviéramos a los fundamentos que expuso

---

(*) mayo

(1) Para revisar esta resolución expedimos *certiorari* en 1ro. de diciembre de 1961, número 2896. El recurso no fue perfeccionado y se archivó.

la Sala sentenciadora, tendríamos que convenir con la apelante en que había prescripción y debió archivarse la causa.

Si la apelante tenía legalmente hasta el 18 de abril de 1960 para presentar el informe, la acusación original no imputaba delito alguno, ni se había cometido delito alguno el 15 de abril. Queda fuera de toda duda el que una acusación puede ser válidamente enmendada para alegar una fecha distinta de la comisión del delito—aparte de ciertas garantías que deben dársele al acusado—siempre que esa otra fecha sea anterior a la de la acusación misma. Sin embargo, ese no sería el problema en este caso. Aquí la única acusación que aparecía imputando delito sobre la cual podía descansar válidamente un proceso era la de 23 de mayo de 1961, transcurrido ya más de un año de la alegada comisión del delito en 18 de abril de 1960, y por lo tanto prescrita.

Según las disposiciones del Art. 1302 de la Ley de Corporaciones, no se trata de un delito continuativo. El delito se comete una vez solamente, el 15 de abril. Si se instituye proceso criminal y la corporación es culpable, se le sentencia. El Tribunal entonces ordenará que el informe se radique en determinado plazo, y si no se hiciere se incurre en desacato, pero no en el mismo delito anterior. Aparte de lo dicho la prueba de cargo demostró que el informe se radicó el 20 de abril de 1960 así es que siempre habría transcurrido el año prescriptivo.

La revisión no va contra los fundamentos del fallo sino contra el fallo. A pesar de lo expuesto la sentencia condenatoria debe sostenerse por estas otras razones:

El Art. 1301 impone la obligación de rendir ese informe no más tarde del 15 de abril. El Art. 1305 estatuye en cuanto a esta obligación que el Secretario de Hacienda y el de Estado podrán, *en casos especiales*, conceder una prórroga que no excederá de 30 días a partir del término fijado para la radicación del informe—abril 15—siempre que se determine, *previa solicitud radicada en tiempo*, que la corporación no

**196**

podrá, *por motivos buenos y suficientes*, radicar el informe en la fecha fijada por ley. De no radicarse dentro de la prórroga, la corporación será sometida al proceso del Art. 1302.

 Según la Ley, ni el Secretario de Hacienda ni el de Estado, tienen facultad legal para conceder *prórrogas generales* para la presentación del informe de las corporaciones, y las prórrogas no pueden concederse de manera otra alguna que no sea como lo especifica el Art. 1305. Si en este caso para el año 1960 el Secretario de Hacienda concedió una prórroga general como alegó el Ministerio Público en la acusación enmendada, realizó un acto nulo y sin consecuencia en ley.(²) *Pueblo* v. *Hickock of P.R., Inc.*, 78 D.P.R. 392 (1955); Art. 4, Código Civil; *Pueblo* v. *Benítez*, 19 D.P.R. 246, 263 (1913).

 En esas circunstancias la acusación original presentada dentro del año imputaba la comisión de delito, y siendo ineficaz e inexistente en derecho la enmienda que se le hiciera después del año, no hubo prescripción del proceso.

*Se confirmará la sentencia apelada.*

--------

(²) Ninguna de las partes en el juicio explicó lo de la prórroga general. Si el informe se hubiera rendido en 18 de abril descansando la apelante en la concesión de tal prórroga, tal vez tendríamos que entrar en otras consideraciones. Con o sin prórroga legal, el informe se radicó después de la misma.