EL PUEBLO, APELADO, *v.* FERNÁNDEZ, APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 498.—Resuelto en febrero 13, 1913.

DERECHO PENAL—SENTENCIA INSUFICIENTE—EXPRESIÓN DEL DELITO.—En una causa criminal la sentencia debe determinar el delito del cual se declara culpable al acusado, ya de modo expreso o haciendo referencia a los autos.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogados de los apelantes: *Sres. Bosch y Soto.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Este caso fué entablado en la Corte Municipal de Bayamón, a virtud de una acusación jurada por Jacob Marks, agente de rentas internas, en la que le imputaba a Saturnino Fernández de la firma de Sucesores de José Fernández, que es el apelante ante este tribunal, el haber infringido las Leyes de Arbitrios de Puerto Rico, porque el día 7 de octubre de 1911, el acusado Saturnino Fernández de la susodicha firma, comerciantes al por mayor de vinos y cervezas en la ciudad de San Juan, ilegal y fraudulentamente y con intención de defraudar al Erario de Puerto Rico, por orden suya y por orden de su empleado José Santos, vendió de su existencia de vinos en el pueblo de Toa Alta, al por mayor al comerciante al detall de licores, Justo Pérez, con patente para la venta de licores en su tienda en el barrio de Galateo de Toa Alta de Puerto Rico, sin que para ello tuviese la firma de Sucesores de José Fernández en el pueblo de Toa Alta, la licencia prescrita por las leyes de Arbitrios de Puerto Rico, defraudando de ese modo al Erario de Puerto Rico.

El juicio de esta causa tuvo lugar ante la sección segunda de la Corte de Distrito de San Juan, en apelación, el día 19 de julio de 1912, para cuya fecha estaba señalada la vista de dicho caso, y la corte, después de considerar la prueba, declaró al acusado culpable del delito que se le imputaba y le condenó a pagar una multa de $100 y las costas, o en defecto de la misma, a sufrir un día de prisión por cada $5 de multa y costas que dejara de satisfacer.

Contra esta sentencia el acusado interpuso en 19 de julio de 1912 por medio de su abogado, Francisco Soto Gras, recurso de apelación para ante este tribunal. Aparece en los autos una exposición del caso y un pliego de excepciones, que

han sido debidamente aprobados por la corte inferior. El apelante también ha presentado su alegato ante esta corte.

Uno de los fundamentos que se alegan en apoyo de esta apelación, es que la sentencia es insuficiente. El fallo y sentencia de la corte inferior, según aparecen en la página 2 de los autos, son como sigue:

"FALLO Y SENTENCIA. No. 2821. *El Pueblo de Puerto Rico* v. *Saturnino Fernández.* Infracción de la Ley de Arbitrios de Puerto Rico. Siendo hoy, 19 de julio de 1912, el día señalado para la vista de este caso, comparecieron ambas partes, debidamente representadas, y anunciaron estar listas para el acto. La corte, después de vista la prueba practicada en debida forma, declara al acusado culpable y le impone $100 de multa y las costas y, en defecto de pago, a sufrir un día de cárcel por cada $5 que deje de satisfacer y las costas."

Esta sentencia es evidentemente insuficiente, porque en ella no se determina el delito por el cual se declaró culpable al acusado. *El Pueblo* v. *Campos,* 17 D. P. R., 1190; *El Pueblo* v. *Campos,* 17 D. P. R., 1194.

En una causa criminal, la sentencia debe determinar el delito del cual se declaró culpable al acusado, ya de modo específico o de manera tal que pueda dicho delito aparecer de otras partes de los autos. "*Certum est quod certum reddi potest.*" Tanto en la ley común como ahora, el estatuto, se exige generalmente que la sentencia especifique de modo conciso e inteligible el delito por el cual se declaró culpable al acusado. Cuando de la transcripción de autos aparecen los elementos y la naturaleza del delito que ha de determinarse de un examen que se haga de la acusación, y dicha transcripción hace referencia al veredicto emitido contra el acusado, o expresa que el referido acusado ha sido condenado o declarado culpable por un determinado delito, el cual se menciona de modo específico, la descripción de dicho delito es suficiente.

No aparece nada en la sentencia en este caso que haga referencia directa o indirectamente a ninguna otra parte del récord. Véanse los dos casos citados anteriormente del tomo

17, D. P. R., y los de *Sandy White* v. *United States,* 164 U. S., 102; *Pointer* v. *United States,* 151 U. S., 396; *People* v. *Douglass,* 87 Cal., 281; y también el tomo 12 de Cyc., p. 786.

El Fiscal, tanto en su alegato escrito como en el informe oral, confiesa francamente el error que aparece en los autos y solicita la revocación de la sentencia. Por las razones expresadas debe revocarse la sentencia y devolverse el caso a la corte sentenciadora para que adopte los demás procedimientos que sean compatibles con los principios enunciados en esta opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.