EL PUEBLO, DEMANDANTE Y APELADO, *v.* PÉREZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción a la ley de pesas y medidas.

No. 999.—Resuelto en mayo 31, 1916.

DENUNCIA—ESPECIFICACIÓN DEL PRECEPTO INFRINGIDO—REVOCACIÓN DE LA SENTENCIA—ERROR PERJUDICIAL—CORRECCIÓN DEL ERROR EN EL ACTO DE LA VISTA—CONSENTIMIENTO DEL ACUSADO.—No es bastante para producir la revocación de la sentencia apelada la especificación errónea de la ley infringida, cuando no se demuestra que el acusado ha sufrido perjuicio alguno y aparece, por el contrario, que no se opuso a que dicho error fuera, como fué, corregido en el acto de la vista.

INFRACCIÓN DE LA LEY SOBRE PESAS Y MEDIDAS—PESAS Y MEDIDAS—REGLAMENTOS SOBRE PESAS Y MEDIDAS—DENUNCIA—SENTENCIA.—Cuando en una causa por haber vendido el acusado un aparato de pesar consistente en un *family scale* de tipo ilegal, para ser utilizado en transacciones comerciales, sin haber sido debidamente sellado ni de ningún otro modo aprobado oficialmente con anterioridad a la venta, la corte se limite a condenar al acusado como "culpable de infracción ley pesas y medidas," en vez de haberlo declarado "culpable de una infracción prevista en el Artículo XXI, párrafo (*b*), de las reglas y reglamentos para poner en vigor la ley de pesas y medidas de 1913, en relación con la sección 10 de dicha ley, y castigada en la sección 20 de la misma," tal sentencia puede ser corregida, porque basta relacionarla con la denuncia para aclarar la naturaleza de la infracción castigada. Los casos del *Pueblo* v. *Campos,* 17 D. P. R. 1190 y 1194, deben examinarse en relación con el del *Pueblo* v. *Alvarez,* 21 D. P. R. 86.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El apelante no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Contra Heraclio Pérez, el apelante, se presentó en la Corte Municipal de Ponce, la siguiente denuncia:

"Yo, Eduardo Urrutia, Inspector de Pesas y Medidas, vecino de San Juan, calle de la Caleta de San Juan núm. 12, de 25 años, formulo denuncia contra Heraclio Pérez, comerciante, por delito *infracción Ley Pesas y Medidas, artículo 21,* cometido de la manera siguiente: Que en octubre 12 de 1915, hora 1 p. m., en el barrio 'Macaná' de Peñuelas, del Distrito Judicial Municipal de Ponce, que forma parte del Distrito Judicial Insular de Ponce, P. R., el acusado Heraclio Pérez voluntaria, ilegal y maliciosamente, había ven-

dido en uno de los días del mes de agosto del corriente año, un apa-rato de pesar consistente en un *family scale* de tipo ilegal al comerciante Miguel Morales, residente en el barrio 'Macaná' de este distrito, para utilizarlo en transacciones comerciales en el ventorrillo de su propiedad, sin haber sido debidamente sellado ni en ningún otro modo aprobado oficialmente con anterioridad a la venta del referido aparato, según lo expresa el artículo 21 de la ley.''

Condenado Pérez por la corte municipal, apeló a la de distrito en donde volvió a ser condenado, apelando entonces para ante este Tribunal Supremo sin que presentara alegato alguno en apoyo del recurso, ni compareciera a la vista del mismo.

Así las cosas, el Fiscal de esta Corte Suprema solicitó la revocación de la sentencia apelada por los siguientes motivos:

''En este caso la sentencia sólo declara culpable al acusado de un delito de infracción a la Ley de Pesas y Medidas, y, en su consecuencia, le condena a la pena de un dollar de multa, y en defecto de su pago un día de cárcel por cada dollar que deje de satisfacer. Dicha sentencia es defectuosa, sin que aparezca de ella el verdadero delito por el cual fué declarado culpable el acusado. *El Pueblo* v. *Campos,* 17 D. P. R. 1194. La mencionada sentencia no muestra por referencia o de ningún otro modo la naturaleza del delito, ni aparece de ella ni del examen de alguna otra parte del récord el delito específico por el cual ha sido el acusado realmente declarado culpable. *El Pueblo* v. *Campos,* 17 D. P. R. 1190.

''En el presente caso ni siquiera podría el tribunal referirse a la denuncia para averiguar de una manera clara y terminante el delito cometido. En ella se acusa a Heraclio Pérez de una infracción al artículo 21 de la Ley de Pesas y Medidas, y dicho artículo no se refiere a los hechos que establece la misma denuncia.

Por la sección 10 de la referida ley se establece que el Secretario de Puerto Rico tendrá a su cargo el deber de inspeccionar la ejecución de esta ley y prescribir reglas y reglamentos que no sean incompatibles con ella, etc., y la sección 21 del Reglamento promulgado por el Secretario de Puerto Rico en 3 de diciembre de 1913 es la que define la infracción que se imputa al acusado, hallándose la penalidad de la misma establecida en la sección 20 de la ley número 135, de agosto de 1913, de modo que la propia denuncia ha sido tan

descuidadamente redactada que no da al acusado una información completa ni cierta de la infracción porque se le persigue.''

Después de un cuidadoso estudio de los autos, opinamos que debe confirmarse la sentencia recurrida.

Si bien es cierto que en la denuncia se hace referencia al artículo 21 de la ley, es de igual modo cierto que cuando se practicó la prueba, declaró el inspector de pesas y medidas Eduardo Urrutia, autor de la denuncia, sin oposición alguna por parte del acusado, ''que la denuncia está puesta por ''infracción a la sección 21, párrafo B, del reglamento,'' siendo el precepto reglamentario indicado, el que sigue:

''(*b*) No se venderá ni ofrecerá en venta pesa o medida ni aparato de pesar o medir si no se ha inspeccionado, comprobado y sellado o certificado de algún otro modo, de acuerdo con lo que dispone la Ley de Pesas y Medidas o las reglas y los reglamentos promulgados en virtud de la misma, salvo en los casos en que sea imposible a juicio del jefe inspector montar el aparato para la comprobación antes de que se instale permanentemente.   En este último caso se debe obtener del inspector jefe una orden escrita de suspensión de estas condiciones antes de que se venda el aparato o se ofrezca en venta.''   Véase la Ley de Pesas y Medidas y las reglas y reglamentos promulgados en virtud de la misma, publicados por el Negociado de Pesas y Medidas de la Oficina del Secretario de Puerto Rico, p. 27.

La ley que autorizó al Secretario de Puerto Rico para promulgar tal regla, está contenida en la sección 10 de la ''Ley para establecer sistemas modelos de pesas y medidas, reglamentar la compra y venta de mercancías y la computación de pesas y medidas en transacciones industriales y comerciales y evitar el fraude en las mismas, y para otros fines,'' aprobada el 18 de agosto de 1913.   Dicha sección en lo pertinente, dice así:

''Sección 10.—El Secretario de Puerto Rico tendrá a su cargo el deber de inspeccionar la ejecución de esta Ley.   Prescribirá reglas y reglamentos, que no sean incompatibles con ella, proveyendo para la inspección periódica, examen, comprobación y regulación, y para la selladura, marca o aprobación, cuando se encontraren correctas, de todas las pesas y medidas, básculas, balanzas, romanas y otros

instrumentos, aparatos o utensilios usados, o adaptados para el uso, en la computación de pesas y medidas en cualquier transacción industrial o comercial, y para el desempeño de aquellos otros deberes que a su juicio, se requirieren para hacer cumplir esta Ley;   *   *   *.''

Y la sanción penal de las infracciones tanto de la ley como de los reglamentos prescritos de acuerdo con la misma, está contenida en la sección 20 de la referida ley que dice:

"Sección 20.—Toda persona que infrinja cualquiera de las precedentes disposiciones de esta Ley o de las reglas y reglamentos prescritos en cumplimiento de la misma, y toda persona que, como patrono, o como oficial, director, accionista, o agente de cualquier corporación, o como miembro de una razón social o compañía, o de otro modo, disponga, ordene, permita o consienta cualquiera infracción de las precedentes disposiciones de esta Ley o de dichas reglas o reglamentos, será considerada culpable de un delito menos grave (*misdemeanor*), y convicta que fuere en una corte de jurisdicción competente, será castigada por la primera falta con una multa máxima de cincuenta dólares o con prisión que no exceda de cincuenta días, y por la segunda falta, con una multa no menor de cincuenta dólares, ni mayor de doscientos cincuenta dólares, o con prisión por un término no mayor de noventa días, y por las subsiguientes faltas, con una multa que no sea menor de doscientos dólares ni mayor de quinientos dólares, y con prisión por un término que no sea mayor de un año.''

No era necesario especificar en la denuncia el precepto legal infringido, pero ya que se especificó, debió haberse hecho correctamente. La equivocación cometida es clara, pero no bastante para producir por sí sola la revocación de la sentencia, tanto más cuanto que el acusado no levantó cuestión alguna sobre el particular ni durante el juicio, ni ante esta Corte Suprema. La equivocación fué además, como hemos dicho, corregida en el acto de la vista sin la oposición del acusado, y nada induce a creer que éste sufriera perjuicio alguno.

En cuanto a la forma incorrecta en que aparece redactada la sentencia, diremos que es cierto que la corte se limitó a condenar al acusado como "culpable de infracción Ley

Pesas y Medidas," cuando debió haberlo declarado "culpable de una infracción prevista en el Artículo XXI, párrafo (b), de las Reglas y Reglamentos para poner en vigor la Ley de Pesas y Medidas de 1913, en relación con la sección 10 de dicha ley y castigada. en la sección 20 de la misma," pero también lo es que basta relacionar la sentencia con la denuncia, para aclarar la naturaleza de la infracción castigada. Los casos citados por el Fiscal deben examinarse en relación con el de *El Pueblo* v. *Alvarez,* 21 D. P. R. 86.

Hemos examinado además la prueba practicada y a nuestro juicio es suficiente para sostener la sentencia recurrida.

Modificándola en la forma que dejamos expuesta, debe, en tal virtud, confirmarse la sentencia.

> *Confirmada la sentencia apelada pero modificada en el sentido de declarar culpable al acusado de una infracción prevista en el Artículo XXI, párrafo (b), de las reglas y reglamentos para poner en vigor la ley de pesas y medidas de 1913, en relación con la sección 10 de dicha ley, y castigada por la sección 20 de la misma.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.