El Pueblo de Puerto Rico, demandante y apelado, *v.* Puro Cruz de León, acusado y apelante.

Núm. 7064.—*Sometido:* Junio 1, 1938.  *Resuelto:* Julio 13, 1938.

*Miguel Santoni Ledesma* y *Armando Cadilla Ginorio*, abogados del apelante; *R. A. Gómez, Fiscal*, y *Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

* Nota: Véase el prefacio.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La denuncia radicada contra Puro Cruz de León en la Corte Municipal de Arecibo lee así:

". . . . formulo denuncia contra Puro Cruz de León, por el delito de violación Sección 2 y 4 Ley núm. 25 de julio 17, 1935, sobre Bolita y *Boli-Pool* cometido de la manera siguiente: Que en 14 de abril, dos P. M. de 1937 y en la calle Cristóbal Colón núm. 48, casa de Manuel Nieves, en Arecibo, P. R., del Distrito Judicial Municipal de Arecibo, P. R., que forma parte del Distrito Judicial de Arecibo, P. R., el referido acusado, allí y entonces, de manera ilegal, maliciosa y voluntariamente, tenía en circulación y manipulaba el negocio del juego ilegal de 'Pool' clandestino con combinaciones clandestinas relacionadas con las carreras de caballos que iban a celebrarse y se celebraron en el Hipódromo Quintana, el día 14 de abril de 1937, estando en posesión del material de oficina, libretas e implementos a sabiendas de que se utilizan y están utilizando para los juegos ilegales de combinaciones clandestinas relacionadas con el 'Pool' de los Hipódromos de Puerto Rico. El acusado además tenía trabajando como sus empleados a los maquinilleros mecanógrafos Rafael Nin, Francisco Duprey, Tomás Peraza Morales y Juan Rodríguez, Jr., en el interior de una habitación en la casa residencia de Manuel Nieves, calle Cristóbal Colón núm. 48, altos, y bajo la dirección del acusado pasaban a máquina las listas de los caballos jugados en cada una de las combinaciones clandestinas jugadas para las carreras de caballos que iban a celebrarse y se celebraron en el Hipódromo Quintana en Hato Rey, Río Piedras, P. R., el día 14 de abril de 1937. Se ocuparon cuatro maquinillas: Underwood Portátil Núm. 4B78430, Remington Núm. RA60860, Oliver Núm. 11, y Underwood recompuesta sin número, trienticinco (35) listas, 17 libretas, 100 hojas de papel carbón largo, 200 hojas de papel de seda en blanco, 2 carpetas de cartón, y un programa oficial del Hipódromo Quintana correspondiente a las carreras de caballos para el día 14 de abril de 1937 en Puerto Rico, lo que se pone a disposición de la Corte."

La sentencia dictada por la Corte de Distrito de Arecibo en grado de apelación dice:

"En el día de hoy y en corte abierta se llamó este caso a vista por su orden de señalamiento compareciendo el Pueblo de Puerto Rico representado por su Fiscal y el acusado Puro Cruz de León asistido de su abogado Lic. Armindo Cadilla Ginorio.

"Leídale la denuncia el acusado hizo alegación de inocencia, y, en su virtud, se procedió a la práctica de la prueba. La Corte, por el resultado de la misma, declara a dicho acusado convicto del delito de Inf. Ley Bolita y le condena a sufrir la pena de dos meses de cárcel y además al pago de las costas."

Sostiene el apelante en su alegato que la denuncia no aduce hechos constitutivos de un delito público y que la sentencia es nula por no especificar ni la ley ni la sección de aquélla por cuya infracción fué condenado.

■■ La sección 4 de la Ley núm. 25, aprobada el 17 de julio de 1935 (Leyes de 1935 (2) pág. 153), dispone:

"Sección 4.—Toda persona que fuere sorprendida portando o conduciendo cualquier papeleta, billete, ticket, libreta, lista, de números o implementos a sabiendas de que se utilizan o están utilizando para los juegos ilegales de la 'bolita', 'boli-pool', combinaciones clandestinas relacionadas con los 'pools' de los hipódromos de Puerto Rico, y loterías clandestinas, y toda persona que vendiere éstos o cualesquiera otros análogos que se probare representar algún billete, suerte, acción o interés en dichos juegos ilícitos o conectados con la práctica de los mismos, será arrestada inmediatamente, formulándose la correspondiente denuncia ante la corte municipal con jurisdicción, y convicta que fuere, será castigada . . . y todo dueño, apoderado, agente, encargado, director o administrador de los juegos prohibidos por esta Ley, convicto que fuere, podrá ser castigado . . ."

La excepción perentoria se basa en que en la denuncia no "se alega que el acusado fuera sorprendido portando o conduciendo cualquier papeleta, libreta, *ticket,* billete, lista de números o implementos," ni tampoco que "fuera el dueño, apoderado, agente, encargado, director o administrador del negocio o juego perseguido."

Es verdad que la denuncia no es un modelo de perfección, pero tampoco era de esperarse que lo fuera. No son, como las acusaciones, redactadas por abogados sino por personas profanas en materia de derecho. Por eso la jurisprudencia hace debida distinción entre uno y otro documento.

". . . Ya hemos decidido en repetidas ocasiones que las reglas que gobiernan las acusaciones no serán puestas en vigor estrictamente al

ser invocadas como aplicables a las denuncias corrientes.'' *El Pueblo* v. *Cintrón*, 52 D.P.R. 334.

''Manipular,'' en una de sus acepciones, significa: ''Manejar uno de los negocios a su modo, o mezclarse en los ajenos.'' Diccionario de la Lengua Española, edición décimasexta. Y como en la denuncia se alega que el acusado ''tenía en circulación y *manipulaba* el negocio del juego ilegal de *pool* clandestino con combinaciones clandestinas'' etc., y además que ''bajo la *dirección* del acusado pasaban a máquina las listas de los caballos jugados en cada una de las combinaciones clandestinas jugadas'', opinamos que esas alegaciones describen clara y suficientemente el delito público que se imputa al acusado.

■■ Tampoco la sentencia es modelo de perfección. La ley infringida se cita por el nombre vulgar con que se le conoce y no por aquél con que fué promulgada. Adolece del defecto adicional de no citar el artículo o sección de la ley violado, por cuya infracción se condena al acusado. Sin embargo, como las sentencias apeladas no deben ser revocadas por defectos que en nada perjudican al acusado (*El Pueblo* v. *Álvarez*, 21 D.P.R. 86), y como este Tribunal Supremo tiene facultades, de acuerdo con los artículos 362 y 364 del Código de Enjuiciamiento Criminal en relación con la ley de mayo 30 de 1904 relativa a la revocación de sentencias en causas criminales por la Corte Suprema, para modificar las sentencias apeladas, y dictar aquellas que debieron haber recaído, nos parece que se consiguen mejor los fines de la justicia haciendo esto que no devolviendo el caso a la corte de su origen para nuevo juicio por un defecto en la sentencia que en nada afecta los derechos substanciales del acusado.

''Por tanto, si el único error que constara en los autos fuera el de la omisión en que incurrió la corte inferior al no determinar en su sentencia el verdadero delito por el cual fué declarado culpable el acusado, tendríamos claramente el deber, y en ello no vacilaríamos,

de modificar la referida sentencia en lo que fuera necesario con el fin de subsanar dicho defecto y luego confirmarla en la forma modificada.'' *El Pueblo* v. *Alvarez*, supra.

Asimismo se resolvió en el caso de *El Pueblo* v. *Pérez*, 24 D.P.R. 8:

''En cuanto a la forma incorrecta en que aparece redactada la sentencia, diremos que es cierto que la corte se limitó a condenar al acusado como 'culpable de infracción Ley Pesas y Medidas', cuando debió haberlo declarado 'culpable de una infracción prevista en el Artículo XXI, párrafo (*b*), de las Reglas y Reglamentos para poner en vigor la Ley de Pesas y Medidas de 1913, en relación con la sección 10 de dicha ley y castigada en la sección 20 de la misma,' pero también lo es que basta relacionar la sentencia con la denuncia, para aclarar la naturaleza de la infracción castigada. Los casos citados por el Fiscal deben examinarse en relación con el de *El Pueblo* v. *Alvarez*, 21 D.P.R. 86.''

Por las razones expuestas debe modificarse la sentencia apelada para que en la parte pertinente lea así:

''. . . . La Corte, por el resultado de la misma, declara a dicho acusado culpable de infringir la sección 4 de la Ley núm. 25, aprobada en 17 de julio de 1935, y le condena a sufrir la pena de dos meses de cárcel, y además al pago de las costas.''

*Y así modificada debe confirmarse.*
El Juez Asociado Señor De Jesús no intervino.