EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO SÁNCHEZ BONILLA, acusado y apelante.

Núm. 7965.—*Sometido:* Enero 12, 1940. *Resuelto:* Enero 25, 1940.

*José L. Cancio,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Antonio Sánchez Bonilla fué convicto de infringir el artículo 7 de la "Ley para reglamentar la venta de armas de fuego en Puerto Rico; ordenar la declaración de las mismas en cualquier forma que éstas fueren poseídas; prohibiendo la entrega de ellas a ciertas personas e imponiendo penas, y para otros fines," aprobada el 8 de julio de 1936 (tercera sesión extraordinaria, pág. 129), según quedó enmendada en 1937 (Leyes de ese año, pág. 240). Sostiene que la corte de distrito cometió error:

"Al declarar sin lugar la excepción perentoria basada en que la acusación no imputaba delito alguno.

"Al ampliar por interpretación el artículo 7.

"Al declarar al acusado convicto."

El artículo 7, según fué enmendado, lee en parte como sigue:

"Toda persona que tenga en su poder, por cualquier concepto, cualquier arma de fuego, en la fecha en que entre en vigor esta Ley,

tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida, a no más tardar el trigésimo día después de aquél en que se haga la última publicación de los edictos que se ordenan en el artículo 9 de esta Ley. Igualmente, toda persona que obtenga el dominio o posesión de cualquier arma de fuego, en cualquier forma, después de entrar en vigor esta Ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida.''

De acuerdo con el artículo 10 las infracciones a dicha ley serán consideradas como un delito menos grave.

En la acusación se alegaba que Sánchez, allá por el día 11 de febrero, 1939, ilegal y voluntariamente tenía en su poder un revólver, sin declararlo por escrito al jefe de la policía de Aguada, pueblo de su residencia.

La teoría del apelante es que el artículo 7 define dos delitos: primero, la posesión de un arma de fuego al tiempo en que la ley, según fué enmendada, empezó a regir—mayo 12, 1937—sin haberla declarado dentro del término de 30 días a partir de aquél en que se haga la publicación de los edictos especificados en el artículo 9; y segundo, ''obtener el dominio o posesión de cualquier arma de fuego, en cualquier forma,'' después de entrar en vigor la ley, sin haberla declarado. La contención es que, toda vez que la acusación no alega que el acusado había obtenido el dominio o la posesión del arma en determinada forma, sino que seguía el contexto del estatuto al definir el primero de los dos delitos, sólo existía la tentativa de imputar el primer delito; y puesto que la acusación no imputaba al acusado la posesión del arma en mayo 12, 1937, cuando empezó a regir la ley, sin haberla declarado dentro del período estatutario, la misma no aducía un delito público. No podemos concurrir con este criterio.

El artículo 7 tal vez pudo redactarse con mayor claridad. Sin embargo, el sentido del mismo no es oscuro. No define dos delitos. No define delito alguno. Impone el deber a toda persona que posea un arma de fuego—ora esa persona esté en posesión de la misma al tiempo en que la ley empezó a regir, u obtenga el dominio o posesión de ella en cualquier

tiempo después—de hacer tan sólo una cosa. De acuerdo
con el artículo 10, el incumplimiento de ese deber constituye
un delito. La médula del delito es la posesión del arma y
el dejar de declararla por escrito al jefe de la policía insu-
lar correspondiente. El momento en que se obtuvo la pose-
sión del arma no es un elemento esencial del delito. Nunca
fué otra cosa que un hecho colateral del cual dependía el dere-
cho del acusado a disfrutar de un período de treinta días
para declarar el arma. Esto, *mutatis mutandi,* equivale sólo
a una paráfrasis de lo dicho por la Corte de Circuito de
Apelaciones del Décimo Circuito en el caso de *Crapo* v. *United
States,* 100 F. (2d) 996, 1000.

De conformidad con los términos del artículo 7, tal cual
fué originalmente aprobado, el poseedor, en la fecha en que
entró en vigor la ley, tenía treinta días contados a partir de
dicha fecha para declarar el arma. No se concedió un pri-
vilegio semejante a la persona que pudiera obtener el domi-
nio o posesión de cualquier arma de fuego con posterioridad
a la fecha en que empezó a regir la ley. Las razones para
la existencia de tal distinción fueron discutidas por este
tribunal en el caso de *Pueblo* v. *Avilés,* 54 D.P.R. 272. El
efecto de la enmienda de 1937 fué extender el período den-
tro del cual el poseedor de un arma de fuego al tiempo en
que la ley empezó a regir, pudiera declarar tal posesión.
Desde que expiró el período así prorrogado, la distinción esta-
tutaria entre personas que estaban en poder de armas de
fuego al tiempo en que empezó a regir la ley y aquellas que
posteriormente pudieran obtener armas de fuego, se ha con-
vertido para la mayoría, si no para todos los fines prácticos,
en una distinción, sin que exista una diferencia.

No hallamos que la corte de distrito cometiera error al
declarar sin lugar la excepción perentoria.

Por motivos idénticos o similares la corte inferior tam-
poco erró en su interpretación del artículo 7 de la ley.

█ La acusación alegaba una violación del artículo 7 de
la Ley núm. 14, aprobada en julio 8, 1936, "Para reglamen-

tar la venta de armas de fuego en Puerto Rico; ordenar la declaración de las mismas en cualquier forma que éstas fueren poseídas; prohibiendo la entrega de ellas a ciertas personas e imponiendo penas, y para otros fines", según fué enmendada por la Ley núm. 95 de 1937. La corte de distrito declaró al acusado culpable del delito imputádole en la acusación "consistente en una infracción al artículo 7 de la Ley núm. 17 de julio 8, 1936, enmendada por la Ley núm. 95 de mayo 12, 1937". El tercer señalamiento se basa en la referencia errónea que en la sentencia se hace a la Ley núm. 17 de julio 8, 1936, en vez de a la Ley núm. 14 de dicho año. Es obvio que esto fué un mero *lapsus linguae* de parte del juez de distrito, o de no ser así, un error de copia de parte del secretario o del taquígrafo.

El apelante cita los siguientes casos: *Pueblo* v. *Campos,* 17 D.P.R. 1190, 1194; *Pueblo* v. *Fernández,* 19 D.P.R. 113; *Pueblo* v. *Seda & Font,* 34 D.P.R. 207.

Creemos más bien que el presente se rige por la siguiente jurisprudencia: *Pueblo* v. *Álvarez,* 21 D.P.R. 86; *Pueblo* v. *Pérez,* 24 D.P.R. 8; *Pueblo* v. *Trinidad,* 24 D.P.R. 886; *Pueblo* v. *Bauzá,* 34 D.P.R. 439; y *Pueblo* v. *Cruz,* 53 D.P.R. 531.

*Debe modificarse la sentencia de conformidad, y así modificada, confirmarse.*