RAFAEL IBARRA FELICCI, peticionario y apelante, *v.* BALBINO GONZÁLEZ, ALCAIDE DE CÁRCEL DE DISTRITO, SAN JUAN, demandado y apelado.

Núm. 10171. *Sometido:* Abril 13, 1950. *Resuelto:* Abril 26, 1950.

286

*Santos P. Amadeo,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco (José C. Aponte, Procurador General Interino,* en el alegato y en la vista ante esta Corte), abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Rafael Ibarra Felicci fué acusado ante la Corte Municipal de Río Piedras de ejercer ilegalmente la medicina. Se le imputó en la denuncia ser reincidente por haber sido sentenciado por el mismo delito en 7 de diciembre de 1929 por la Corte de Distrito de Humacao. Convicto por la corte municipal apeló para ante la Corte de Distrito de Bayamón, la que visto el caso *de novo* le declaró culpable del delito imputádole, en grado de reincidencia, y le condenó a sufrir treinta días de cárcel. Resolvimos en apelación que toda vez que la convicción anterior del peticionario por el ejercicio ilegal de la medicina lo había sido según ley distinta, él no podía ser convicto como reincidente bajo el *Disponiéndose* del artículo 9 de la Ley 22 de 22 de abril de 1931 (págs. 205, 211). Al confirmar la sentencia condenatoria nos expresamos así:

"Ahora bien, como la sentencia de treinta días de cárcel impuesta al apelante, como reincidente, está dentro del límite de la sentencia que pudo haber impuesto la corte inferior por una primera infracción de la ley de 1931, consideramos que la sentencia apelada debe ser modificada en el sentido de imponer al acusado treinta días de cárcel con costas por infracción al artículo 9 de la Ley núm. 22 de 1931 y, así modificada, se confirma." *Pueblo* v. *Ibarra,* 69 D.P.R. 563, 574.

Luego de enviado el mandato a la corte inferior y estando ya el peticionario bajo la custodia del Alcaide de la Cárcel de Distrito de San Juan, Ibarra presentó ante el Tribunal de Distrito de San Juan la petición de hábeas corpus objeto del recurso de epígrafe. Alega en ella que en 1929 fué declarado culpable de ejercer ilegalmente la medicina en Puerto Rico en violación de la Ley 73 de 30 de julio de 1923 (pág. 549); que en 1941 fué absuelto por el mismo delito por la Corte

Municipal de Ciales; que en 1946 fué acusado en grado de reincidencia por igual delito ante la Corte Municipal de Río Piedras y convicto por ésta y por la Corte de Distrito de Bayamón y que en apelación este Tribunal Supremo a pesar de resolver que él no podía ser convicto como reincidente, confirmó la sentencia de un mes de cárcel impuéstale por la Corte de Distrito de Bayamón; y sostiene que está ilegalmente privado de su libertad toda vez que la sentencia dictada por nosotros lo fué en violación del debido proceso de ley (a) porque aunque es cierto que la Corte de Distrito de Bayamón tenía poder para imponerle un mes de cárcel por una primera violación de la Ley núm. 22 de 1931, también lo es que esa corte pudo haberle impuesto, en el ejercicio de su discreción, una multa en vez de cárcel, pero no lo hizo así por creer que la pena de cárcel era mandatoria, ya que el peticionario estaba acusado como reincidente y no como delincuente primario; (b) porque el peticionario tenía el derecho constitucional a que la corte de distrito le impusiera una pena que no fuera de cárcel en el ejercicio de su discreción; y (c) porque al privarle del derecho a que la corte de distrito ejercitara su discreción para imponerle una pena de multa y no de cárcel, se le privó del debido proceso de ley, puesto que el ejercicio de la discreción judicial es la esencia misma del debido proceso de ley.

Expedido el auto de hábeas corpus y oídas las partes, el Tribunal de Distrito de San Juan declaró sin lugar la solicitud y ordenó la inmediata encarcelación del peticionario. Apelada la sentencia así dictada, dicho tribunal autorizó al peticionario a prestar una fianza por la suma de $500, mientras el recurso estuviera pendiente.

 Alega ahora en apelación que "la Corte de Distrito de San Juan cometió error al declarar sin lugar el recurso de hábeas corpus del peticionario." Aunque el anterior señalamiento en la forma en que está concebido es demasiado general y por tal motivo podría desestimarse el recurso (*Díaz* v. *García*, 47 D.P.R. 475, 479), no lo haremos así, toda vez

que el peticionario al discutir el mismo expone los fundamentos que a su juicio sirven de base a tal error. Ellos son substancialmente los mismos que sirven de base a la petición.

 Asumiendo a los fines de esta opinión que, conforme alega el peticionario, el ejercicio de la discreción judicial al sentenciar al acusado por la comisión de un delito forme parte realmente del debido proceso de ley, no vemos en verdad cómo puede alegar el aquí apelante que fué privado de tal debido procedimiento de ley.

Por disposición expresa del artículo 364 del Código de Enjuiciamiento Criminal (ed. 1935) *"La Corte Suprema puede revocar, confirmar o modificar el fallo o auto contra el cual se haya apelado,* o desestimar, afirmar o modificar cualquiera o todas las diligencias posteriores a dicho fallo o auto, o que de éste dependan y, si lo considerase justo, puede dictar u ordenar la celebración de nuevo juicio."* (Bastardillas nuestras.) A tenor con lo provisto por ese artículo, este Tribunal en innumerables casos ha modificado la sentencia condenatoria dictada por una corte inferior. *Pueblo* v. *Arce,* 67 D.P.R. 253; *Pueblo* v. *Otero,* 61 D.P.R. 36; *Pueblo* v. *Sánchez,* 55 D.P.R. 940; *Pueblo* v. *Cruz,* 53 D.P.R. 531, 534; *Pueblo* v. *Rodríguez,* 46 D.P.R. 542, 547; *Pueblo* v. *Álvarez,* 21 D.P.R. 86. Así pues, al dictar sentencia en la forma en que ya se ha hecho constar no hicimos otra cosa que acogernos a lo dispuesto por ese artículo y modificar la sentencia impuesta por la corte inferior.

Verdad es que el *Disponiéndose* del artículo 9 de la Ley 22 de 1931 expresamente provee: "que en caso de reincidentes el delito aparejará pena mínima de treinta días de cárcel," y que fué sin duda tomando en consideración lo así provisto que la Corte de Distrito de Bayamón impuso al peticionario una pena de treinta días de cárcel. Empero, el citado artículo 9 de la Ley 22 de 1931 provee también que "Toda persona que fuere denunciada y convicta de ejercer ilegalmente la medicina o cirugía, . . . por cada infracción incurrirá en un delito de *misdemeanor* y será castigada con una multa

que no bajará de veinticinco dólares *o prisión en la cárcel*, o ambas penas a discreción del tribunal." Aunque ese artículo específicamente fija la pena mínima de *multa* que podrá imponerse por una primera infracción de la ley y en la alternativa permite a la corte sentenciadora imponer una pena de cárcel, o ambas penas, el mismo no dispone, sin embargo, de manera taxativa cuál es la pena mínima o máxima de cárcel que el tribunal sentenciador podrá imponer a un primer infractor de la ley. No obstante, el artículo 16 del Código Penal provee que "Excepto en los casos en que se prescriba otra pena por este Código, toda delincuencia declarada *'misdemeanor'* apareja pena de cárcel por un término máximo de dos años, . . . ." Por tanto, interpretando conjuntamente la parte del artículo 9 de la Ley de 1931 que hemos ya copiado y el artículo 16 del Código Penal, al acusado podía imponérsele una pena de cárcel de treinta días. Al sentenciarle a sufrir una pena menor de dos años este Tribunal ejercitó su discreción judicial en favor del acusado. No vemos en verdad cómo al modificar la sentencia de la Corte de Distrito de Bayamón en la forma en que lo hicimos y al sentenciar al acusado a una pena que está muy por debajo de la pena máxima de cárcel fijada por el estatuto, pueda alegar con visos de razón el peticionario que se le ha privado del debido procedimiento de ley.

Hemos leído cuidadosamente los casos de *Townsend* v. *Burke*, 334 U.S. 736; *Yasui* v. *United States*, 320 U.S. 115, y *Husty* v. *United States*, 282 U.S. 694, citados por el apelante en apoyo de su recurso, y a nuestro juicio no son aplicables a la cuestión que está ante nos. El de *Gryger* v. *Burke*, 334 U.S. 728, tampoco lo es, además del hecho de que el peticionario se basa en el criterio de los jueces disidentes y es sabido que no importa cuán persuasiva sea una opinión disidente la misma representa tan sólo el criterio de una minoría y no la del tribunal que la emitió.

El artículo 364 del Código de Enjuiciamiento Criminal de Puerto Rico es en lo aquí pertinente idéntico al artículo

1260 del Código de Enjuiciamiento Criminal de California. Interpretando este último la Corte Suprema de ese Estado en *People* v. *Hamberg*, 84 Cal. 468, 24 Pac. 298, resolvió en un caso de falsa representación que la sentencia de la corte inferior resultaba nula al sentenciar al acusado a un año de cárcel y a pagar una multa de $19,000 o en defecto de pago a permanecer en la cárcel del condado hasta que pagara la misma, a razón de un día por cada dólar que dejara de satisfacer; que dicha corte no tenía derecho a imponer tal sentencia y que a ese respecto la misma debía ser modificada. Así lo hizo y ordenó que el acusado fuera puesto en libertad cuando cumpliera un año de cárcel. Véanse también *People* v. *Kerr*, 114 Pac. 584; 8 Cal. Jur. 636, sec. 610; y 3 Am. Jur. 664, sec. 1152.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Negrón Fernández no intervino.